**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** 5:23-cv-00623 |
| **v.** | ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| **WAL-MART STORES EAST, LP,** | ) | |
| **Defendant.** | ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to the Charging Party who filed Charge of Discrimination No. 533-2023-00737 ("Charging Party") with the U.S. Equal Employment Opportunity Commission ("Commission") and a class of aggrieved current and former female employees who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 1 through 74 below, the Commission alleges that Defendant Wal-Mart Stores East, LP ("Defendant") subjected Charging Party and a class of aggrieved current and former female employees to a hostile work environment because of their sex (female) and that Defendant subjected Charging Party to discharge in retaliation for her protected activity (opposition, participation) and because of her sex (female).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Southern District of West Virginia.

## PARTIES

3. The Commission is the Agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware limited partnership, has operated a chain of merchandise stores in West Virginia and other states, including Walmart Supercenter No. #1499, located at 1976 Jefferson Street North, Lewisburg, West Virginia (the "Lewisburg store").

5. At all relevant times, Defendant has continuously been doing business in the State of West Virginia and the City of Lewisburg, West Virginia, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

7. During calendar years 2020, 2021, 2022, and 2023, Defendant continuously employed more than 500 employees.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging Defendant violated Title VII.

9. On June 28, 2023, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Charging Party to a hostile work environment because of sex (female) and discharge because of sex (female) and retaliation (opposition, participation), and further finding reasonable cause to

believe that Defendant subjected a class of female employees to an ongoing hostile work environment because of sex (female), and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the administrative Determination.

11. Defendant did not respond to the Commission's conciliation communications, and the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On July 27, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least January 2021, Defendant has engaged in unlawful employment practices at its Lewisburg store in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

15. Since at least March 13, 2010, James Bowyer ("Bowyer"), a male, has been the Store Manager at the Lewisburg store.

16. Upon information and belief, in his capacity as a Store Manager at the Lewisburg store, whether acting alone or in concert with other Defendant personnel, Bowyer has possessed, and continues to possess, the authority to hire, fire, promote, demote, take disciplinary action,

authorize shift changes, make work assignments, and take other tangible employment actions concerning employees at the Lewisburg store.

**Count I: Hostile Work Environment Because of Sex (Charging Party)**
**42 U.S.C. § 2000e-2(a)**

17. Defendant subjected Charging Party to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), in the form of a hostile work environment because of sex (female).

18. Prior to her employment with Defendant, Charging Party, a female, regularly visited the Lewisburg store in her capacity as an employee of another company. Charging Party first met Bowyer during one such visit. On at least one occasion, Bowyer offered Charging Party employment with Defendant.

19. Thereafter, Charging Party applied for employment with Defendant. Defendant employee James Cales ("Cales"), a Team Lead in the Electronics Department at the Lewisburg store, interviewed Charging Party for a position.

20. While Charging Party was waiting for her interview with Cales, Bowyer approached her and offered to become her "sugar daddy."

21. On January 28, 2021, Charging Party began working as a Sales Associate in the Electronics Department at the Lewisburg store.

22. As Team Lead, Cales supervised Charging Party while she was a Sales Associate in the Electronics Department.

23. On March 27, 2021, Charging Party became a Sales Associate in the Automotive Department at the Lewisburg store.

24. On March 12, 2022, Charging Party became the Fuel Department Manager at the Lewisburg store's Fuel Station.

25. On August 27, 2022, Charging Party became a Team Lead in the Apparel Department at the Lewisburg store.

26. Beginning in January 2021 and continuing throughout her employment, Defendant, acting through Bowyer, subjected Charging Party to continuing, unwelcome, and offensive harassment because of her sex (female), including but not limited to the conduct described below.

27. Bowyer repeatedly told Charging Party that he would be her "sugar daddy," which Charging Party understood to mean that Bowyer would provide financial resources and beneficial treatment to her in exchange for her agreement to enter into a sexual relationship. Charging Party refused Bowyer's offers.

28. Bowyer repeatedly told Charging Party that he wanted to see her breasts and offered her money to show him her breasts. Charging Party refused Bowyer's offers. Before Charging Party became a Team Lead, Bowyer told Charging Party that she could show her breasts to him or to the two other management-level employees hiring for the Team Lead position if she ever "needed anything."

29. On or around September 12, 2022, Bowyer, in his capacity as store manager, brought Charging Party into his office at the Lewisburg store, where no one else was present, and subjected her to the following unwelcome, offensive conduct:

a) Bowyer demanded that Charging Party show him her breasts as a condition of her employment, i.e., to receive a shift change that she was previously told she would receive. Charging Party was highly offended but reluctantly complied with Bowyer's demand.

b) Bowyer, without Charging Party's consent and against her will, groped and put his mouth on her breasts. Charging Party responded by pushing Bowyer away.

c) Bowyer, without Charging Party's consent and against her will, approached Charging Party from behind and pressed his body, including his clothed genitals, against her back.

d) Bowyer, without Charging Party's consent and against her will, groped Charging Party's breasts and put his hand in her pants, attempting to touch her genitals.

e) In response to Bowyer's aforementioned conduct, Charging Party attempted to leave his office, but Bowyer physically cornered her, blocking her from exiting the room.

f) Bowyer then asked Charging Party if she wanted to see his genitals, and Charging Party told him "No."

g) Bowyer then asked Charging Party to put his genitals in her mouth, and Charging Party told him "No."

h) Having isolated and cornered Charging Party, Bowyer then persisted in his demand, and by his contemporaneous and past statements and conduct, he pressured Charging Party into compliance with his demand that she perform oral sex on him.

i) Immediately after Bowyer's conduct toward Charging Party, Bowyer contacted Defendant's Human Resources employee, Aaron Mulhern ("Mulhern"), about the Team Lead shift time.

j) Thereafter, Defendant changed Charging Party's shift time.

k) Later that day, Bowyer told Charging Party that her shift time had changed.

30. On one occasion after September 12, 2022, Bowyer offered to pay Charging Party $200 if she would perform oral sex on him. Charging Party refused, finding his statement and conduct unwelcome and offensive.

31. On one occasion after September 12, 2022, Bowyer offered to provide Charging Party with another term, condition, or privilege of employment, i.e., a special allowance to eliminate unsold clearance inventory from her department, if she showed him her breasts by the end of the day. Charging Party refused, finding his statement and conduct unwelcome and offensive.

32. On or around September 29, 2022, Charging Party reported that she had experienced sexual harassment at the Lewisburg store to Freda Bishop ("Bishop"), a manager of a neighboring Defendant store location.

33. On or around September 29, 2022, Bishop reported Charging Party's complaint to Defendant.

34. Shortly thereafter, Mulhern contacted Charging Party to discuss her complaint. Mulhern informed Charging Party that Defendant would investigate her complaint and interview her. Charging Party told Mulhern she was considering retaining legal counsel.

35. Shortly thereafter, Charging Party notified Mulhern that she had retained legal counsel.

36. Defendant knew that Bowyer was the subject of Charging Party's sexual harassment complaint by at least October 4, 2022.

37. On or before October 4, 2022, Bowyer reported to Defendant that Charging Party had told others that he was the subject of her sexual harassment complaint.

38. Prior to Charging Party's September 2022 report of sexual harassment, one or more female employees had made complaints to Defendant of Bowyer's sexually harassing conduct.

39. Due to Bowyer's harassment, Charging Party commenced an extended leave of absence from her position starting on or around October 12, 2022.

40. On October 18, 2022 and October 26, 2022, Charging Party, through her legal counsel, provided a statement to Defendant detailing Bowyer's harassment.

41. In her statement, Charging Party stated that there were four other unnamed female employees who said that Bowyer sexually harassed them.

42. Defendant never interviewed Charging Party about her sexual harassment complaint against Bowyer.

43. Defendant never asked Charging Party or her counsel to identify the four unnamed female employees who said that Bowyer sexually harassed them.

44. Defendant never informed Charging Party or her counsel about the outcome of any investigation of her complaint against Bowyer.

45. At no time did Defendant ever take disciplinary action against Bowyer for sexual harassment against Charging Party or even temporarily remove him from the workplace pending investigation.

46. On January 13, 2023, Charging Party filed her charge of discrimination against Defendant with the Commission.

47. On January 13, 2023, Defendant received notice from the Commission that Charging Party had filed the charge of discrimination.

48. On January 17, 2023, Defendant obtained Charging Party's charge of discrimination.

49. On January 19, 2023, Defendant discharged Charging Party from her employment.

50. Defendant discharged Charging Party from her employment because of her opposition to Bowyer's sexually harassing conduct, including her initial report of sexual harassment, subsequent communications, and retention of legal counsel.

51. Defendant discharged Charging Party from her employment because of her initiation of Title VII administrative agency proceedings, including the filing of a charge of discrimination, with the Commission.

52. Defendant also discharged Charging Party from her employment because of her sex (female).

53. The harassing conduct described in Paragraphs 17 through 52 above was unwelcome, sex-motivated, and both subjectively and objectively hostile or abusive, thereby altering the terms and conditions of Charging Party's employment.

54. Defendant is vicariously liable for the harassing conduct of its supervisory employee, Bowyer.

55. Alternatively, Defendant had actual and constructive notice of Bowyer's sexually harassing conduct and failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

56. The effects of the practices complained of in Paragraphs 17 through 55 above have been to deprive Charging Party of equal employment opportunities and otherwise to affect adversely her status as an employee because of her sex (female).

57. The unlawful employment practices complained of in Paragraphs 17 through 56 above were intentional.

58. The unlawful employment practices complained of in Paragraphs 17 through 56

above were done with malice or with reckless indifference to Charging Party's federally protected rights.

**Count II: Discharge in Retaliation for Engaging in Protected Activity and Because of Sex (Charging Party)**
**42 U.S.C. §§ 2000e-3(a), 2000e-2(a)**

59. The Commission incorporates by reference the factual allegations set forth in Paragraphs 14 through 58 above.

60. Defendant subjected Charging Party to unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging her because of (a) her protected opposition to employment practices made unlawful by Title VII in the manner described in Paragraphs 27 through 41 above, and (b) because of her participation in a proceeding under Title VII in the manner described in Paragraph 46 above.

61. Defendant subjected Charging Party to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discharging her because of her sex (female).

62. The effects of the employment practices complained of in Paragraphs 59 through 61 above has been to deprive Charging Party of equal employment opportunities and otherwise to affect adversely her status as an employee because of her conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and because of her sex (female).

63. The unlawful employment practices complained of in Paragraphs 59 through 62 above were intentional.

64. The unlawful employment practices complained of in Paragraphs 59 through 62 above were done with malice or with reckless indifference to Charging Party's federally protected rights.

**Count III: Hostile Work Environment Because of Sex**
**(Class of Aggrieved Current and Former Female Employees)**
**42 U.S.C. § 2000e-2(a)**

65. Defendant subjected a class of aggrieved current and former female employees to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of sex (female).

66. Since at least March 2022 and ongoing through the present, Defendant subjected a class of identified and unidentified aggrieved current and former female employees to a continuing, unwelcome, and offensive hostile work environment because of their sex (female).

67. Throughout his employment by Defendant, Bowyer has subjected, and continues to subject, female employees to unwelcome, offensive harassment that includes but is not limited to the following conduct:

a) Unwanted sexual innuendo;

b) Unwanted comments about female employees' bodies, and, in particular, about their breasts;

c) Unwanted requests for female employees to show Bowyer their breasts;

d) Telling female employees to provide sexual favors to other Defendant employees in exchange for a term, condition, or privilege of employment;

e) Offering a term, condition, or privilege of employment to female employees in exchange for sexual favors or exposing their intimate body areas;

f) Requests to touch female employees in an intimate and sexual manner;

g) Isolating female employees and requesting sexual favors; and

h) Isolating female employees and exposing his genitals.

68. Prior to Charging Party's September 2022 report of sexual harassment, one or more female employees had made complaints to Defendant of Bowyer's sexually harassing conduct.

69. The harassing conduct described in Paragraphs 65 through 68 above was unwelcome, sex-motivated, and both subjectively and objectively sufficiently hostile or abusive, thereby altering the terms and conditions of employment for a class of aggrieved current and former female employees.

70. Defendant is vicariously liable for the harassing conduct of its supervisory employee, Bowyer.

71. Alternatively, Defendant had actual and constructive notice of Bowyer's sexually harassing conduct and failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

72. The effects of the practices complained of in Paragraphs 65 through 71 above has been to deprive the aggrieved class of current and former female employees of equal employment opportunities and otherwise to affect adversely their status as employees because of sex (female).

73. The unlawful employment practices complained of in Paragraphs 65 through 72 above were intentional.

74. The unlawful employment practices complained of in Paragraphs 65 through 72 above were done with malice or with reckless indifference to the federally protected rights of the aggrieved class of current and former female employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in,

or failing to take prompt, corrective action in response to, sex-based harassing conduct and other employment practices that discriminate based on sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against any individual who engaged in protected activity under Title VII, including but not limited to individuals who report instances of sex-based harassment or discrimination or who fail or refuse to acquiesce to such conduct, and individuals who institute Commission administrative proceedings or participate in any way in the investigation thereof.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and ensure Defendant's operations are free from sex-based harassment, sex discrimination, and retaliation, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Charging Party by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

E. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F. Order Defendant to make whole Charging Party and a class of aggrieved current and former female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional

pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay to Charging Party and a class of aggrieved current and former female employees punitive damages for malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

Debra M. Lawrence by RLP per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
Ohio Bar No. 0070263
EEOC – Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
(443) 992-7880 (facsimile)
ronald.phillips@eeoc.gov

DELANEY E. ANDERSON
TRIAL ATTORNEY
Maryland Bar No. 2112140015
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6742
(443) 992-7880 (facsimile)
delaney.anderson@eeoc.gov

WILLIAM S. THOMPSON
UNITED STATES ATTORNEY

BY: **s/ Jason S. Bailey**
JASON S. BAILEY
ASSISTANT UNITED STATES ATTORNEY
WV State Bar No. 13582
United States Attorney's Office
300 Virginia Street East, Suite 4000
Charleston, WV 25301
(304) 345-2200
(304) 347-5443 (facsimile)
jason.bailey2@usdoj.gov

*Counsel for United States of America*