# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

U.S. EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
                                               )
        Plaintiff, )
                                               )
and JANE DOE, )
                                               ) Civil Action No. 5:23-00623
        Plaintiff-Intervenor, ) Judge Frank W. Volk
                                               )
        v. )
                                               )
WAL-MART STORES EAST, LP, and )
JAMES BOWYER )
                                               )
        Defendants. )
                                               )

## WALMART'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF-INTERVENOR'S COMPLAINT

1

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 5 |
| BACKGROUND | 6 |
| ARGUMENT | 7 |
|     A.  Plaintiff-Intervenor has failed to state a valid claim for retaliation under the Workers' Compensation Act. | 7 |
|     B.  Plaintiff-Intervenor's common law claims for retaliation, assault, battery, and negligent retention are preempted by the Workers' Compensation Act. | 10 |
|     C.  Plaintiff-Intervenor fails to state a valid claim for "common law retaliation." | 14 |
| CONCLUSION | 16 |

# TABLE OF AUTHORITIES

**Federal Cases**

*Abel v. Niche Polymer, LLC*, 468 F. Supp. 3d 719 (S.D. W. Va. 2020) .................................. 14-15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 7

*Brevard v. Racing Corp. of W. Virginia*, No. 19-CV-00578, 2020 WL 1860713
  (S.D. W. Va. Apr. 13, 2020) ................................................................................................ 5, 10

*Burdette v. Aldi, Inc.*, No. 22-CV-154, 2023 WL 5886594 (N.D. W.Va. Sept. 11,
  2023) ..................................................................................................................................... 8-10

*Dalton v. Omnicare, Inc.*, 138 F. Supp. 3d 709 (N.D.W. Va. 2015) .......................................... 15

*E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175 (4th Cir. 2000) .................................. 7

*Hewitt v. Stephens*, No. 22-CV-00388, 2023 WL 4494457 (S.D.W. Va. July 12,
  2023) ............................................................................................................................... 8, 12-13

*King v. Rubenstein*, 825 F.3d 206 (4th Cir. 2016) ....................................................................... 7

*Morley v. Energy Servs. of Am. Corp.*, No. 22-0375, 2023 WL 3237257 (S.D. W.
  Va. May 3, 2023) ................................................................................................................ 11, 13

*Morley v. Energy Servs. of Am. Corp.*, No. 3:22-0375, 2024 U.S. Dist. LEXIS
  1457 (S.D. W. Va. Jan. 3, 2024) .......................................................................................... 15-16

**State Cases**

*Bias v. E. Associated Coal Corp.*, 640 S.E.2d 540 (W. Va. 2006) ...................................... 11-12, 14

*Black v. Same Old Place, Inc.*, No. 19-0983, 2021 WL 653243 (W. Va. Feb. 19,
  2021) ....................................................................................................................................... 8-9

*Harless v. First Nat'l Bank*, 162 W. Va. 116, 246 S.E.2d 270 (W. Va. 1978) ....................... 14-16

*Powell v. Wyoming Cablevision, Inc.*, 403 S.E.2d 717 (W. Va. 1991) ..................................... 5, 8

*Precision Pipeline, LLC v. Weese*, 885 S.E.2d 864 (W. Va. 2023) ....................................... 11-12

*Wisman v. William J. Rhodes & Shamblin Stone, Inc.*, 447 S.E.2d 5 (W. Va. 1994) ................. 11

**Federal Statutes**

Civil Rights Act of 1964 ............................................................................................................... 6

**State Statutes**

W. Va. Code Ann. § 23-41f .................................................................................................. 8-9

W. Va. Code § 23-2-6 ............................................................................................................11

West Virginia Human Rights Act ................................................................................... 15-16

West Virginia Workers' Compensation Act ...................................................................*Passim*

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................................... 7-8

**Constitutional Provisions**

Federal Constitution..............................................................................................................14

# INTRODUCTION

Unlike the Complaint filed by the Equal Employment Opportunity Commission (EEOC), Plaintiff-Intervenor's Complaint asserts various state law claims against Walmart and/or store manager James Bowyer. *See* ECF No. 17, at ¶¶ 53-89. Because these state law claims are not properly plead, Walmart moves to dismiss them.

First, Plaintiff-Intervenor's claim for retaliatory discharge under the West Virginia Workers' Compensation Act (in Count II) fails because she does not allege a physical injury or allege that her filing a workers' compensation claim was a significant factor in her termination—both essential elements to any claim for retaliatory discharge under West Virginia's Workers' Compensation Act. *Powell v. Wyoming Cablevision, Inc.*, 403 S.E.2d 717, 721 (W. Va. 1991).

Plaintiff-Intervenor's other state law claims—retaliation (in Count II), assault (Count III), battery (Count IV), and negligent retention (Count V)—are preempted by the Workers' Compensation Act. *Brevard v. Racing Corp. of W. Virginia*, No. 19-CV-00578, 2020 WL 1860713, at *6 (S.D. W. Va. Apr. 13, 2020) (noting that the Workers' Compensation Act provides employers with "sweeping immunity" for all tort actions arising from employment) (citation omitted). Even if the Workers' Compensation Act did not preempt her common law retaliation claim, Plaintiff-Intervenor fails to plead any facts regarding any of the elements of a common law retaliation claim, so she has failed to state a viable claim.

For these reasons, and those outlined herein, the Court should dismiss Counts II, III, IV, and V from Plaintiff-Intervenor's Complaint.

## BACKGROUND

From January 2021 to January 2023, Plaintiff-Intervenor worked at Walmart's Lewisburg, West Virginia store. ECF No. 17, at ¶¶ 17, 46.[1] James Bowyer was the store manager of the Lewisburg store throughout the duration of her employment. *Id.*, at ¶ 11.

On January 19, 2023, Walmart terminated Plaintiff-Intervenor's employment for cause. *Id.*, at ¶ 46.

On January 13, 2023, Plaintiff-Intervenor filed a Charge of Discrimination with the EEOC, alleging that Walmart subjected her to sexual harassment and retaliation. *Id.* ¶ 44. On September 19, 2023, the EEOC filed suit against Walmart, bringing claims of hostile work environment and retaliation under Title VII. ECF No. 1.

On November 20, 2023, Walmart answered the EEOC's Complaint, denying all claims. ECF No. 7. On November 28, 2023, Plaintiff-Intervenor moved to intervene in the lawsuit, and the Court granted the motion. ECF Nos. 4, 13.

On December 5, 2023, Plaintiff-Intervenor filed her Complaint. Plaintiff-Intervenor added a new defendant—Walmart's store manager James Bowyer—and added several new state law claims. ECF No. 17.

Plaintiff-Intervenor's factual allegations focus nearly exclusively on her assertion that she was sexually harassed and then fired for filing a charge of

---

[1] Because this is a pleading challenge, Walmart references the allegations in Plaintiff-Intervenor's Complaint. But Walmart does not admit that any of the allegations are true and, in fact, denies many of the allegations in the Complaint.

6

discrimination regarding the alleged harassment. ECF No. 17, at ¶¶ 16, 22-34, 37-65, 67-89. Plaintiff-Intervenor also states that Walmart terminated her for seeking short-term disability and workers' compensation benefits. *Id.*, at ¶¶ 34, 36, 68-69. Plaintiff-Intervenor does not plead any physical injury; rather, she alleges that she suffered emotional harm and was diagnosed with post-traumatic stress disorder. *Id.*, at ¶ 34.

## ARGUMENT

A complaint cannot survive a Rule 12(b)(6) challenge if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, a court must accept all of a complaint's well-pleaded facts as true; but the court need not credit bald assertions or legal conclusions. *See E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

### A. Plaintiff-Intervenor has failed to state a valid claim for retaliation under the Workers' Compensation Act.

To state a *prima facie* case of retaliation under the Workers' Compensation Act, a plaintiff must plead facts sufficient to show that (1) she sustained an on-the-job injury; (2) she initiated proceedings under the Workers' Compensation Act; and

(3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or discriminate against the employee. *Powell*, 403 S.E.2d 717 at 721; *see also Burdette v. Aldi, Inc.*, No. 22-CV-154, 2023 WL 5886594, at *5 (N.D. W.Va. Sept. 11, 2023), *appeal filed*, No. 23-2066 (Oct. 13, 2023) (dismissing the employee's workers' compensation retaliatory discharge claim under Rule 12(b)(6) for failing to plead sufficient facts to support the inference that filing her workers' compensation claim was a significant factor in her termination).

The alleged injury must be "physical." W. Va. Code Ann. § 23-41f. Thus, a plaintiff cannot state a retaliation claim if the alleged injury "did not result in any physical injury or disease to the person claiming benefits." *Id.*; *see also Hewitt v. Stephens*, No. 22-CV-00388, 2023 WL 4494457, at *19 (S.D.W. Va. July 12, 2023) (noting an employee is precluded from receiving workers' compensation benefits for a mental injury without physical manifestation); *Black v. Same Old Place, Inc.*, No. 19-0983, 2021 WL 653243, at *2, 4 (W. Va. Feb. 19, 2021) (affirming denial of workers' compensation benefits when the employee suffered post-traumatic stress disorder from an armed robbery).

Even where a plaintiff does allege a physical injury, the plaintiff's barebones statement that her employer terminated her employment after she applied for workers' compensation benefits does not meet the requirement of pleading facts to support an inference that the application was a "significant factor" in her termination. *Burdette*, 2023 WL 5886594, at *5.

In *Burdette*, for example, the court dismissed a retaliation claim under the Workers Compensation Act because the plaintiff had alleged only that the (unspecified) temporal proximity between her workers' compensation filing and her discharge showed her employer's retaliatory motive. *Id.* at *5. This was not enough to satisfy the requirement that a plaintiff provide *factual* allegations supporting the inference "that filing her workers' compensation claim was a significant factor in her termination." *Id.* (concluding, "there are no allegations supporting her workers' compensation discrimination claim or that any time period can be offered as an inference to a retaliatory discharge").

Here, Plaintiff-Intervenor fails to plead facts to support two of the three prima facie elements of a Workers' Compensation Act retaliation claim. First, she has not pled *any* physical injury. Rather, like the plaintiff in *Black* who claimed she suffered post-traumatic stress disorder, Plaintiff-Intervenor attempts to bring a Workers Compensation Act retaliation claim based solely on alleged mental and emotional harm. *Black*, 2021 WL 653243, at *2. The only assertions in Plaintiff-Intervenor's Complaint regarding any supposed on-the-job issue is that "she suffered emotional harms as she was diagnosed with post-traumatic stress disorder and had a difficult time working." ECF No. 17, at ¶ 34. Because these are not physical injuries, they are not injuries under the Workers' Compensation Act. W. Va. Code § 23-4-1f. Because the mental and emotional harms Plaintiff-Intervenor says she experienced are not cognizable, on-the-job injuries under the Workers' Compensation Act, she cannot state a retaliation claim under the Act. *Id.*

9

Plaintiff-Intervenor also does not plead any facts to suggest that her workers' compensation filing was a factor in her termination—let alone a "significant" factor. *See Burdette*, 2023 WL 5886594, at *5. Rather, in her 89-paragraph Complaint, Plaintiff-Intervenor devotes only two short sentences to her workers' compensation filing, stating only that she applied for workers' compensation benefits and that "Defendant Walmart discharged Plaintiff-Intervenor from her employment for making a claim for short-term disability and workers compensation." ECF No. 17, at ¶¶ 36, 66. This is even *less* than the inadequate pleading in *Burdette. Burdette*, 2023 WL 5886594, at *5. Because Plaintiff-Intervenor has not alleged any facts to suggest that her workers' compensation filing led to her termination, she has failed to state a prima facie case of retaliation. *Id.* In fact, her Complaint suggests that her workers' compensation filing had nothing to do with her termination; rather, she alleges that she believes Walmart terminated her employment because she filed a charge of discrimination with the EEOC. *See* ECF No. 17, at ¶¶ 16, 22-34, 37-65, 67-89. Because Plaintiff-Intervenor has alleged no facts tying her termination to her workers' compensation filing, she has also failed to satisfy the third essential element of a retaliation claim under the Workers' Compensation Act. The Court should thus dismiss this claim.

### B. Plaintiff-Intervenor's common law claims for retaliation, assault, battery, and negligent retention are preempted by the Workers' Compensation Act.

West Virginia's Workers' Compensation Act gives employers "sweeping immunity" for all common law tort actions arising from employee injuries that allegedly occurred "in the course of and resulting from employment." *Brevard v.*

10

*Racing Corp. of W. Virginia*, No. 19-CV-00578, 2020 WL 1860713, at *6 (S.D. W. Va. Apr. 13, 2020) (noting that the Workers' Compensation Act provides employers with "sweeping immunity" for all tort actions arising from employment) (quoting *Bias v. E. Associated Coal Corp.*, 640 S.E.2d 540, 544 (W. Va. 2006)); *Morley v. Energy Servs. of Am. Corp.*, No. 22-0375, 2023 WL 3237257, at *3 (S.D. W. Va. May 3, 2023) (granting employer's motion to dismiss torts of negligent infliction of emotional distress and outrage as barred by workers' compensation immunity).

Indeed, the Act expressly states that an employer participating in the state's workers' compensation scheme is "not liable to respond in damages at common law or by statute for the injury or death of any employee, *however occurring*." W. Va. Code § 23-2-6 (emphasis added).

The West Virginia Supreme Court of Appeals has reiterated workers compensation preemption for decades. *Wisman v. William J. Rhodes & Shamblin Stone, Inc.*, 447 S.E.2d 5, 7 (W. Va. 1994) ("The purpose of coemployee (and employer) immunity under the Workers' Compensation Act is to replace the common-law tort claims and defenses between or among employers and employees with the no-fault, *exclusive remedy of workers' compensation*.") (emphasis original); *Bias*, 640 S.E.2d at 544 ("The Legislature intended for W.Va. Code § 23-2-6 (1991) to provide qualifying employers sweeping immunity from common-law tort liability for negligently inflicted injuries. ... This immunity is not easily forfeited.").

In fact, earlier this year, in *Precision Pipeline, LLC v. Weese*, the West Virginia Supreme Court of Appeals applied this "sweeping immunity" to reverse the

11

circuit court's order denying the employer's motion to dismiss an employee's claims for negligent hiring, retention, and supervision. *Precision Pipeline, LLC v. Weese*, 885 S.E.2d 864, 868 (W. Va. 2023).

In *Precision Pipeline, LLC*, the employee suffered an injury at work and sued his employer for "negligent acts [pertaining to this injury] by his fellow employees in the furtherance of the employers' business." *Id.* But the Court held that these claims were preempted by the Workers' Compensation Act because the Act "expressly provides that qualified employers are 'not liable to respond in damages at common law . . . for the injury or death of any employee, *however occurring*.'" *Id.* at 869. And this non-liability extends to any "'employee who is injured in the course of and as a result of his employment, and one who, under the common-law principles of master and servant, could have maintained an action against his employer.'" *Id.* (citation omitted). Because the employee "could have maintained an action [for the alleged negligent acts] against [the employer] under the common law principles of master and servant," the "workers' compensation immunity applies to bar his claims." *Id.*

This Court has further clarified that Workers' Compensation Act immunity applies even where the alleged injury is not cognizable under the Act. *Hewitt*, 2023 WL 4494457, at *19 (granting motion to dismiss an employee's intentional infliction of emotional distress claim based on alleged workplace harassment/hostile work environment as barred by workers' compensation immunity despite the purely mental injury not being a cognizable injury under Act) (citing *Bias*, 640 S.E.2d 540).

Because of this "sweeping immunity," employees cannot bring common law tort claims against their employers except in limited circumstances that are not pled here (*e.g.*, where an employer defaults on their workers' compensation payments or acts with "deliberate intent").

The "deliberate intent" exception is a high bar. *Hewitt*, 2023 U.S. Dist. LEXIS 119778, at *20. In *Hewitt*, for example, the plaintiff failed to state a deliberate intent claim where she alleged defendants "worked in concert with nefarious, illegal, discriminatory and retaliatory plans to end her employment as well as the specific intent and plan to end her career in law enforcement by sullying her reputation to the point that no other law enforcement agency would dare hire her and that this has resulted in severe emotional distress." *Id.* (internal citations and quotations omitted).

Similarly, the plaintiff in *Morley* failed to state a deliberate intent claim where the plaintiff alleged that "Defendant's actions were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency" and that "Defendant acted with the intent to inflict emotional distress and/or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct." *Morley*, 2023 U.S. Dist. LEXIS 77150, at *11.

Here, Plaintiff-Intervenor does not make any allegations that even approach these deficient allegations, so she cannot fit within the narrow "deliberate intent" exception to the Act's sweeping immunity. Because all of Plaintiff-Intervenor's tort claims (Counts II, III, IV, and V) are preempted by the exclusive remedies afforded

by the Workers Compensation Act, and Plaintiff-Intervenor has not plead any exceptions to the Act, the Court should dismiss Plaintiff-Intervenor's tort claims. *See Bias*, 640 S.E.2d at 544.

### C. Plaintiff-Intervenor fails to state a valid claim for "common law retaliation."

Count II of Plaintiff-Intervenor's Complaint purports, among other things, to bring a claim under the "West Virginia Common Law" for "Discharge in Retaliation for Engaging in Protected Activity."

West Virginia common law recognizes the claim of wrongful discharge in contravention of a substantial public policy (referred to as a "*Harless* claim").[2] A *Harless* claim requires an employee to plead sufficient facts regarding the following prima facie elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) the dismissal was motivated by conduct related to the public policy (the causation element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). *Abel v. Niche Polymer, LLC*, 468 F. Supp. 3d 719, 722 (S.D. W. Va. 2020) (dismissing *Harless* claim because the plaintiff failed to plead the existence of a clear public policy).

---

[2] The West Virginia Supreme Court of Appeals first recognized this exception in *Harless v. First Nat'l Bank*, 162 W. Va. 116, 246 S.E.2d 270 (W. Va. 1978).

But where the defendant is a covered employer under the West Virginia Human Rights Act, a plaintiff cannot assert a *Harless* claim based on the public policy issues addressed by the West Virginia Human Rights Act. *See, e.g.*, *Morley v. Energy Servs. of Am. Corp.*, No. 3:22-0375, 2024 U.S. Dist. LEXIS 1457, at *32 (S.D. W. Va. Jan. 3, 2024) (dismissing common law retaliatory discharge claim under *Harless* because the plaintiff was pursuing the claim under the West Virginia Human Rights Act); *Dalton v. Omnicare, Inc.*, 138 F. Supp. 3d 709, 724 (N.D.W. Va. 2015) (dismissing as preempted by the West Virginia Human Rights Act a plaintiff's *Harless* claim alleging dismissal for opposing a practice that violated the Act).

Here, Plaintiff-Intervenor has not pled *any* of the elements of the *Harless* claim. She has not identified any public policy, let alone claimed that her dismissal would jeopardize that public policy. Nor has she pled that conduct related to the public policy caused her dismissal or that Walmart lacked a business justification. Her conclusory statement that "Walmart discharged Plaintiff-Intervenor from her employment for making a claim for short-term disability and Workers Compensation" is insufficient. *Id.*, at ¶ 66; *Abel*, 468 F. Supp. 3d at 722 (dismissing *Harless* claim because the plaintiff failed to plead the existence of a clear public policy). Not only does she not plead any facts tying these filings to her dismissal, her Complaint also does not address any of the other elements of a *Harless* claim. Moreover, the West Virginia Human Rights Act would preempt any *Harless* claim based on allegations that Plaintiff-Intervenor engaged in protected activity under

15

the Act. *E.g.*, ECF. No. 17, at ¶¶ 63-64; *Morley*, 2024 U.S. Dist. LEXIS 1457, at *32. The Court should thus dismiss Plaintiff-Intervenor's common law retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff-Intervenor's claims for retaliation under the Workers Compensation Act (in Count II), retaliation under West Virginia common law (in Count II), assault (Count III), battery (Count IV), and negligent retention (Count V). The Workers' Compensation Act retaliation claim requires Plaintiff-Intervenor to plead a physical injury (she has not), and it requires her to plead that her workers' compensation filing was a significant factor in her termination (she has not). In addition, the Workers' Compensation Act preempts all of her common law tort actions. Even if it did not preempt her common law retaliation claim, Plaintiff-Intervenor has failed to state a valid claim of common law retaliation under *Harless* not preempted by the West Virginia Human Rights Act.

Dated: January 10, 2024

BY: /s/ Eric W. Iskra
Eric W. Iskra (WV State Bar No. 6611)
**SPILMAN THOMAS & BATTLE, PLLC**
300 Kanawha Boulevard, East (ZIP 25301)
Post Office Box 273
Charleston, WV 25321-0273
(304) 340-3875
eiskra@spilmanlaw.com

Aaron T. Winn
**DUANE MORRIS LLP**
750 B Street, Suite #2900
San Diego, CA 92101
619-744-2200
atwinn@duanemorris.com

Natalie F. Bare
Harrison H. Weimer
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1962
nfbare@duanemorris.com
hhweimer@duanemorris.com

*Attorneys for Walmart*

## CERTIFICATE OF SERVICE

I, Eric W. Iskra, hereby certify that on January 10, 2024, a true and correct copy of the foregoing Walmart's Memorandum of Law in Support of Partial Motion to Dismiss Plaintiff-Intervenor's Complaint was served on counsel of record for all parties by operation of the Court's electronic filing system.

/s/ Eric W. Iskra
Eric W. Iskra (WV State Bar No. 6611)