IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,                                       Civil Action No. 5:23-cv-00623
                                                      Judge Frank W. Volk

and JANE DOE,

    Plaintiff-Intervenor,

v.

WAL-MART STORES EAST, L.P., and
JAMES BOWYER,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMES BOWYER'S
MOTION TO DISMISS PLAINTIFF-INTERVENOR'S COMPLAINT**

**I.    Introduction**

In Plaintiff-Intervenor's Complaint, the sole counts against Defendant Bowyer are stated common law tort claims – Count III, assault, and Count IV, battery. *See* ECF No. 17, pp. 13-14. Plaintiff pleads these Counts against "All Defendants." *Id.* She alleges that Defendant Walmart is vicariously liable for Defendant Bowyer's actions. ECF No. 17, ¶¶ 73, 78. In alleging that Defendant Walmart is vicariously liable for Defendant Bowyer's alleged torts against her, it follows that Plaintiff-Intervenor is claiming that Defendant Bowyer acted in furtherance of Walmart's business when he allegedly assaulted and battered her in his office on September 12, 2022.

Under W. Va. Code § 23-2-6a, a manager, acting in furtherance of his employer's business, is immune from common law tort actions unless he inflicts an injury with deliberate intention.

Deliberate intent claims against co-employees must meet the heightened pleading standards of W. Va. Code § 23-4-2(d)(2)(A). However, Plaintiff failed to allege that Defendant Bowyer deliberately formed the intent to cause her the injuries she claims in her Complaint. Accordingly, she fails to state a claim for which relief may be granted under W. Va. Code § 23-4-2(d)(2)(A), and her Complaint should be dismissed with prejudice.

## II.    Facts as Alleged in Plaintiff-Intervenor's Complaint

Plaintiff alleges that she worked for Defendant Walmart at its store in Lewisburg, West Virginia from January 28, 2021 until Walmart terminated her on January 19, 2023. ECF No. 17, ¶¶ 17, 46. Her claims against Defendant Bowyer are set forth in Counts III and IV of the Intervenor Complaint and are related solely to incidents that allegedly occurred on September 12, 2022. *Id.*, ¶¶ 72, 77. She claims that on that date, Defendant Bowyer assaulted and battered her in his office at the Lewisburg Store and that his actions were "willful, wanton, intentional, malicious, and done with callous and reckless disregard for [her] rights." *See id.*, ¶¶ 72, 74, 77, 79. She further claims that Defendant Walmart is vicariously liable for Defendant Bowyer's actions. *Id.*, ¶¶ 73, 78. Plaintiff seeks "damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, inconvenience and punitive damages." *Id.*, ¶¶ 75, 80.

## III.    Argument

### A. Standard of Review.

Defendant James Bowyer moves to dismiss Plaintiff-Intervenor's Complaint against him under Rule 12(b)(6), Federal Rules of Civil Procedure because it fails to state a claim for relief as a matter of law. A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a

Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### B. Plaintiff's claims against Defendant Bowyer are barred by workers' compensation immunity.

In Counts III and IV of the Plaintiff-Intervenor's Complaint, Plaintiff-Intervenor seeks to hold Defendant Bowyer liable for alleged assault and battery in the workplace on September 12, 2022. She also claims that Walmart is vicariously liable for Defendant Bowyer's conduct, and, therefore, Plaintiff cannot deny that on the face of her Complaint, Defendant Bowyer's alleged conduct was in furtherance of Walmart's business. Syl. Pt. 12, *Dunn v. Rockwell,* 689 S.E.2d 255, (W. Va. 2009) ("…the employer may only be held liable…for acts committed by the employee in the course of his or her employment…."); *see also Courtless v. Jolliffe*, 507 S.E.2d 136, 140 (W. Va. 1998) (An employee can be held personally liable for his own torts; where he is acting within the scope of his employment, his employer may also be held be liable); *see also Sammons v. Armstrong,* No. 2:23-cv-00236, 2023 U.S. Dist. LEXIS 205551, at *11 (S.D.W. Va. Nov. 16, 2023) (quoting *Courtless*, 507 S.E.2d at 140, for West Virginia's "fundamental rule" on vicarious liability).

The Workers' Compensation Act ("Act") provides employers "'sweeping immunity' for all common-law tort actions by employees for injuries [allegedly] occurring 'in the course of and resulting from employment.'" *Brevard Racing Corp. of W. Virginia*, No. 2:19-cv-00578, 2020 U.S.

Dist. LEXIS 63881, at *21 (S.D.W. Va. Apr. 13, 2020) (citing *Bias v. E. Associated Coal Corp.*, 640 S.E.2d 540, 544 (W. Va. 2006)).  Under the Act, an employer participating in the workers' compensation system "is not liable to respond in damages in common law or by statute for the injury or death of any employee, however occurring[.]"  W. Va. Code § 23-2-6.  This is true even where the alleged injury is not cognizable or compensable under the Act.  *See Hewitt v. Stephens*, No. 2:22-cv-00388, 2023 U.S. Dist. LEXIS 119778, at *53 (S.D.W. Va. July 12, 2023) ("even if a 'mental-mental' claim is not compensable under [the Act], an employer may still invoke [Workers' Compensation Act] immunity in court to avoid an employee's civil suit for damages related to the non-compensable 'mental-mental' claim, unless another exception to … immunity applies.") (citing Syl. Pt. 3, *Bias, supra*, and *State ex rel. Darling v. McGraw*, 647 S.E.2d 758, 763 (W. Va. 2007)).

West Virginia Code § 23-2-6a "'extends the employer's immunity from liability set forth in [West Virginia Code § 23-2-6 (2022)] to the employer's . . . manager . . . when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention.'"  Syl. Pt. 2, *Edwards v. Stark*, 880 S.E.2d 881 (W. Va. 2022) (quoting Syl. Pt. 4, *Henderson v. Meredith Lumber Co.*, 438 S.E.2d 324 (1993)).  In order to pursue a deliberate intent claim against Defendant Bowyer, Plaintiff-Intervenor must plead a heightened deliberate intent claim under § 23-4-2(d)(2)(A).  *Edwards*, *supra* at 887.

> "To properly plead a prima facie case under [West Virginia Code § 23-4-2(d)(2)(A)], the statute requires an employee set out *deliberate intention* allegations.  Under the statute, *deliberate intention* allegations may only be satisfied where it is alleged [a co-employee] acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury."

Syl. Pt. 3, *Edwards, supra* (quoting Syl. Pt. 9, *Tolliver v. Kroger Co.*, 498 S.E.2d 702 (W. Va. 1997)) (emphasis in original).  Further, "'deliberate intention allegations' require 'an intentional

or deliberate act by the [co-employee] *with a desire to bring about the consequences of the act.'*" *Edwards*, 880 S.E.2d at 887 (quoting *Tolliver*, *supra* at 715) (emphasis supplied).

Here, Plaintiff-Intervenor has failed to plead a heightened deliberate intent claim against Defendant Bowyer. She alleges that Defendant Bowyer "subjected her" to "unwelcome, offensive conduct," and she claims that his conduct was "willful, wanton, intentional, malicious, and done with callous and reckless disregard for [her] rights." *See* ECF No. 17, ¶¶ 24, 74, 79. She further claims that the conduct allegedly caused her "expenses . . ., loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, [and] inconvenience." *See* ECF No. 17, ¶¶ 75, 80. Plaintiff-Intervenor's Complaint is devoid of allegations that Defendant Bowyer deliberately formed the intent to cause her such alleged injuries. Under West Virginia caselaw, these allegations fall short of what is required to state a claim under W. Va. Code § 23-4-2(d)(2)(A).

In *Edwards*, *supra*, the Supreme Court of Appeals of West Virginia affirmed the dismissal of a deliberate intent claim against co-employees:

> [The] allegation that [the co-employees] "intentionally and recklessly" breached their duties to Mr. Stark does not equate to an allegation that they desired to kill him. And based on the amended complaint's allegations, we refuse to draw such an inference. The statute clarifies that the specific intent standard "may not be satisfied by allegation or proof of . . . conduct which constitutes negligence, no matter how gross or aggravated[,] or . . . willful, wanton or reckless misconduct[.]" In *Tolliver*, we explained, "[t]he language of this provision demands overcoming a high threshold to establish a cause of action under [West Virginia Code § 23-4-2(d)(2)(A)]." We further explained, "[the statutory language] represents a conscious effort to impose severe restrictions on the [workers' compensation immunity] exception, bringing it as close to 'subjective desire to injure' as the nuances of the language will permit[.]"

*Edwards*, 880 S.E.2d at 888.

As in *Edwards*, Plaintiff's allegations against Defendant Bowyer do not equate to an allegation that he desired to cause her to incur expenses, to lose income, or to suffer mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, or inconvenience. In other words, Plaintiff has not alleged that Defendant Bowyer had a subjective desire to injure her. As such, Plaintiff-Intervenor fails to state a claim for which relief may be granted under W. Va. Code § 23-4-2(d)(2)(A), and Plaintiff-Intervenor's Complaint should be dismissed with prejudice.

## IV.    Conclusion

Plaintiff-Intervenor failed to meet the pleading standards required to overcome the severe restrictions on workers' compensation immunity and to assert a deliberate intention claim under W. Va. Code § 23-4-2(d)(2)(A). Defendant Bowyer respectfully requests that the Court dismiss her Complaint against him with prejudice.

**JAMES BOWYER**

**By Counsel,**

**LEWIS GIANOLA PLLC**

/s/ Sandra Henson Kinney
Sandra Henson Kinney (WVSB No. 6329)
John F. Gianola (WVSB No. 10879)
300 Summers Street, Suite 700
Post Office Box 1746
Charleston, WV 25326
(304) 345-2000
FAX: (304) 343-7999
skinney@lewisgianola.com
john.gianola@lewisgianola.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**                                        Civil Action No. 5:23-cv-00623
                                                       Judge Frank W. Volk

**and JANE DOE,**

    **Plaintiff-Intervenor,**

**v.**

**WAL-MART STORES EAST, L.P., and**
**JAMES BOWYER,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMES BOWYER'S MOTION TO DISMISS PLAINTIFF-INTERVENOR'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                        s/ Sandra Henson Kinney, Esq.
                                                        Sandra Henson Kinney, Esq., WVSB No. 6329
                                                        **LEWIS GIANOLA PLLC**
                                                        P. O. Box 1746
                                                        Charleston, WV  25326
                                                        Telephone:     (304) 345-2000
                                                        Facsimile:      (304) 343-7999
                                                        skinney@lewisgianola.com
                                                        ***Counsel for James Bowyer***