UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Plaintiff,

and

JANE DOE,

       Plaintiff-Intervenor,

 v.                          CIVIL ACTION NO. 5:23-cv-00623

WAL-MART STORES EAST, L.P., and
JAMES BOWYER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff-Intervenor Jane Doe's Motion to Proceed Pseudonymously [Doc. 15], filed December 6, 2023. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed its Response in Support of Ms. Doe's Motion [Doc. 21] on December 20, 2023. That same day, Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") filed its Response in Opposition to Ms. Doe's Motion [Doc. 22], to which Ms. Doe replied [Doc. 23] on December 27, 2023. The matter is ready for adjudication.

Pursuant to *Federal Rule of Civil Procedure* 10(a), "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The rule recognizes 'the general presumption of openness of judicial proceedings,' which has a basis both in common law and in the First Amendment." *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023) (first citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); and then citing *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir.

2014)). "Pseudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Pub. Citizen*, 749 F.3d at 274 (internal citations omitted).

However, "anonymity may, as a matter of discretion, be permitted" where "privacy or confidentiality concerns are . . . sufficiently critical that parties or witnesses should be allowed this rare dispensation." *James*, 6 F.3d at 238. "To warrant this relief, the circumstances must be 'exceptional.'" *Doe v. Doe*, 85 F.4th at 211 (quoting *Pub. Citizen*, 749 F.3d at 273).

In *James v. Jacobsen*, 6 F.3d 233 (4th Cir. 1993), our Court of Appeals recited five non-exhaustive factors to consider when deciding motions to proceed by pseudonym:

(1) "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties";

(3) "the ages of the persons whose privacy interests are sought to be protected";

(4) "whether the action is against a governmental or private party"; and,

(5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*Id.* at 238. District courts also have an "independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

Applying the first factor, the Court finds the allegations in this case involving sexual assault and battery concern highly sensitive and personal subjects, including allegations of

forced "oral sex" and nonconsensual "grop[ing]" of Ms. Doe's breasts and genitals. [Doc. 1 at 5–6, ⁋ 29]. Likewise, the second factor, "whether identification [of Ms. Doe] will pose a risk of retaliatory physical or mental harm to the requesting party or even more critically, innocent non-parties," is inextricably linked to the first. That is, in cases involving the highly sensitive and personal nature of sexual assault, there is a heightened risk of physical or mental harm to the requesting party if she is compelled to reveal her identity.

Sexual violence is a profoundly negative and traumatic life event with widespread psychological and sociological effects on the victim. Disclosing Ms. Doe's name on the public docket, which is likely to remain permanently available on the Internet, presents a significant risk of subjecting Ms. Doe to future psychological trauma stemming from unwarranted insults and interrogations; feelings of shame, helplessness, and powerlessness; and harmful stigmas and possible bias she could face as a result of bringing this case. Moreover, Ms. Doe comes from an exceptionally religious family—her father has been a pastor in their small community for many years—and is a single mother of two minor children who attend public schools. The damaging stigmas attached to Ms. Doe's claims are likely to not only affect Ms. Doe, but her family members as well. Because electronic case filings mean that Ms. Doe's sexual assault claims will be perpetually available to anyone with Internet access, including the peers of her teenaged children, disclosing Ms. Doe's name further subjects her family members to potential harassment, prejudice, and feelings of anxiety, shock, and guilt. Thus, public disclosure of the highly sensitive and personal sexual assault allegations in this case presents a substantial risk of collateral harm to innocent non-parties, including Ms. Doe's minor children.

The public also has a substantial interest in ensuring victims of sexual assault are not deterred from reporting such crimes, and permitting victims to proceed pseudonymously

removes a significant barrier. Nevertheless, Wal-Mart insists that Ms. Doe's anonymity going forward will prejudice Defendants but makes no argument regarding such prejudice beyond listing reasons why other courts have denied permitting sexual assault plaintiffs to proceed anonymously. [Doc. 22 at 15–18]. However, to the extent Wal-Mart contends that Ms. Doe's anonymity going forward will prejudice its discovery efforts because her "anonymity would make it more difficult to obtain witnesses and witness testimony," "Defendants would have less leverage in settlement negotiations," and "Defendants would not be able to fully and adequately cross-examine" Ms. Doe [Doc. 22 at 17 (quoting *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)], these arguments lack merit. First, Defendants know the identity of Ms. Doe. Second, the Complaint specifies both and particular period of time and location where these alleged events took place. Thus, it is difficult for the Court to see how permitting Ms. Doe to proceed pseudonymously would make it more difficult for Defendants to obtain witness testimony or how the disclosure of Ms. Doe's identity on the public docket would bring out any unidentified third-party witnesses. Moreover, Wal-Mart has made no allegation that Ms. Doe is refusing to disclose the identities of any potential witnesses or that it is prejudiced by a lack of information about the events that led to Ms. Doe's allegations. Wal-Mart has also failed to allege how Ms. Doe's anonymity in pretrial, public filings would hinder settlement negotiations where Wal-Mart is aware of Ms. Doe's identity and can communicate with her through counsel. Finally, were this case to proceed to trial, Ms. Doe concedes that she would be required to appear in open court under her legal name [Doc. 23 at 12]. Defendants would thus have the opportunity to fully and adequately cross-examine Ms. Doe then. Therefore, because discovery does not appear to be inhibited by the Ms. Doe's desire to proceed pseudonymously, there is little to no risk of unfairness to Defendants at this stage in the proceeding.

Wal-Mart further contends notions of equity require Ms. Doe to identify herself because she has brought "damaging and highly-embarrassing charges against Defendants using their true names." [Doc. 22 at 15 (quoting *Doe v. Fam. Dollar Stores, Inc.*, No. 07-CV-1262, 2007 WL 9706836, at *3 (N.D. Ga. Oct. 17, 2007)]. Although sexual assault allegations can be damaging to the reputation of Defendants, Wal-Mart—the world's largest private employer and company by revenue—has failed to explain how permitting Ms. Doe to pursue this action under a pseudonym would prejudice its business reputation or ability to operate either locally or globally.

On the other hand, Mr. Bowyer is indeed an individual whose personal reputation is at stake in this litigation. However, where the defendant knows the identity of his accuser, the "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously" is generally minimal. The Court is hard pressed to find that allowing Ms. Doe to proceed under a pseudonym would be so unfair to Mr. Bowyer such that her identity should be made public at this juncture of the litigation. Indeed, because Mr. Bowyer knows Ms. Doe's identity, his defense is not prejudiced by lack of knowledge about the events that led to Ms. Doe's pursuit of this action. Ms. Doe has not sought to impose any limitation on Mr. Bowyer's ability to conduct whatever discovery he deems necessary. Rather, Ms. Doe only seeks to protect against public disclosure of identifying information for pretrial purposes. Were this case goes to trial, Ms. Doe concedes that the jury would need to know her identity to conduct proper voir dire [Doc. 23 at 12]. Thus, Mr. Bowyer will have a public forum in which to defend charges of sexual harassment, assault, and battery. Other than the need to make redactions and take measures not to disclose Ms. Doe's identity, Defendants will not be hampered or inconvenienced merely by Ms. Doe's anonymity in court papers at this stage. Therefore, the fifth factor weighs in favor of allowing Ms. Doe to proceeded under a pseudonym for pretrial purposes.

Accordingly, in order to balance the public's rights of access and the harm of linking Ms. Doe's identity to sensitive and personal allegations, the Court **GRANTS** Ms. Doe's Motion to Proceed Pseudonymously [**Doc. 15**] for pretrial purposes. The Court **DIRECTS** the parties to proceed using Ms. Doe's initials only. The parties shall refrain from revealing any other identifying information in any public filing pending further order of the Court.

The Clerk is directed to transmit copies of this Order to all counsel of record and to any unrepresented parties.

ENTER:          January 30, 2024

Frank W. Volk
United States District Judge