**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and JANE DOE, | ) ) ) | CIVIL ACTION NO. 5:23-00623 |
| Plaintiff-Intervenor, | ) ) | Judge Frank W. Volk |
| v. | ) ) ) | |
| WAL-MART STORES EAST, LP, and JAMES BOWYER | ) ) ) | |
| Defendants. | ) ) ) | |

## <u>ANSWER TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT</u>

Defendant WALMART STORES EAST, LP ("Defendant" or "Walmart"), by and through its attorneys, hereby answers Plaintiff-Intervenor Jane Doe's ("Plaintiff-Intervenor") First Amended Complaint ("FAC") as follows:

### <u>PARTIES</u>

1.     Plaintiff-Intervenor is, and at all times relevant to this FAC has been, a resident, citizen and domiciliary of the state of West Virginia.  Plaintiff-Intervenor is a former employee of Defendant Walmart.

**<u>ANSWER:</u>**     Admitted.

2.     Upon information and belief, plaintiff U.S. Equal Opportunity Commission ("Plaintiff EEOC") is an agency of the United States that is charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964 ("Title VII") and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

**ANSWER:**    Walmart admits only that Plaintiff EEOC is an agency of the United States of America. Paragraph 2 of the FAC contains conclusions of law to which no response is required. To the extent a further response is required, Walmart denies the remaining allegations.

3.    Defendant Walmart is a Delaware limited partnership.  WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Defendant Walmart. Walmart Stores East, LLC, an Arkansas limited liability company, is the sole member of WSE Management, LLC and WSE Investment, LLC.  Walmart, Inc., a Delaware corporation, is the sole member of Wal-Mart Stores East, LLC.  Thus, Defendant Walmart is an indirect, wholly-owned subsidiary of Walmart, Inc.  Thus, for diversity purposes, Defendant Walmart is a resident, citizen and domiciliary of the state of Delaware.  Defendant Walmart's principal place of business is located in Bentonville, Arkansas.

**ANSWER:**    Admitted, except that Walmart, Inc., a Delaware corporation, is the parent corporation of Wal-Mart Stores East, LLC.

4.    Defendant Bowyer is, and at all times relevant to this FAC has been, a resident, citizen and domiciliary of the Commonwealth of Virginia.  At all times relevant to this FAC, Defendant Bowyer was the manager of a retail store located in Lewisburg, West Virginia, that is owned and operated by Defendant Walmart.

**ANSWER:**    Admitted.

## JURISDICTION AND VENUE

5.    This Court has federal question subject-matter jurisdiction of this matter pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This Court has supplemental jurisdiction of the state law claims made herein pursuant to 28 U.S.C.

§ 1367.  Even if the United States were not a party, this Court would have diversity of citizenship subject-matter jurisdiction because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000).  This Court has personal jurisdiction over Defendants because they conduct business in the state of West Virginia, their acts and omissions complained of herein occurred in the state of West Virginia, and they otherwise meet the minimum contacts test for personal jurisdiction of this Court.

**ANSWER:**    Walmart admits only that Plaintiff-Intervenor purports to invoke federal question, supplemental and diversity jurisdiction of this Court and initiates the instant lawsuit under the cited statutes. Walmart denies any remaining allegations in this paragraph.

6.    Pursuant to 28 U.S.C. § 1391, venue of this legal action is proper with this Court because Defendants are subject to the Court's personal jurisdiction, and the events or omissions giving rise to the claims contained herein occurred in the Southern District of West Virginia.

**ANSWER:**    Walmart admits only that venue is proper in the Southern District of West Virginia, but denies that any employment practices were unlawful and denies any remaining allegations in this paragraph.

## FACTS

7.    At all times relevant to this FAC, Defendant Walmart has operated a chain of merchandise stores in West Virginia and other states, including Walmart Supercenter No. 1499, located at 1976 Jefferson Street North, Lewisburg, West Virginia (the "Lewisburg Store").

**ANSWER:**    Admitted.

8.    At all times relevant to this FAC, Defendant Walmart has continuously been doing business in the state of West Virginia and the city of Lewisburg, West Virginia, and has continuously had at least fifteen (15) employees.

**ANSWER:**    Admitted.

9.    At all times relevant to this FAC, Defendant Walmart has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

**ANSWER:**    Admitted.

10.    During calendar years 2020, 2021, 2022, and 2023, Defendant Walmart continuously employed more than 500 employees.

**ANSWER:**    Admitted.

11.    Since no later than March 13, 2010, Defendant Bowyer, a male, has been the Store Manager at the Lewisburg Store.

**ANSWER:**    Admitted.

12.    Upon information and belief, in his capacity as a Store Manager at the Lewisburg Store, whether acting alone or in concert with other of Defendant Walmart's employees, Defendant Bowyer has possessed, and continues to possess, the authority to hire, fire, promote, demote, take disciplinary action, authorize shift changes, make work assignments, and take other tangible employment actions concerning employees at the Lewisburg Store.

**ANSWER:**    The allegations contained in Paragraph 12 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 12 of the FAC, except that Defendant Bowyer may provide input into some employment actions concerning some employees at the Lewisburg Store.

13.    Prior to her employment with Defendant Walmart, Plaintiff-Intervenor, a female, regularly visited the Lewisburg Store in her capacity as an employee of another company.

4

Plaintiff-Intervenor worked for one of Defendant Walmart's vendors, and she was often in the Lewisburg Store replacing stock, setting up displays, and performing other functions for her employer. Plaintiff-Intervenor first met Defendant Bowyer during one such visit. Defendant Bowyer was cordial to Plaintiff-Intervenor prior to her employment with Defendant Walmart. In fact, he encouraged her to apply for a position with Defendant Walmart because he could see that she was a good worker.

**ANSWER:**    Walmart admits only that Plaintiff-Intervenor visited the Lewisburg store in her capacity as an employee of another company before her employment with Walmart. Walmart denies the remaining allegations in Paragraph 13 of the FAC.

14.    Plaintiff-Intervenor subsequently applied for employment with Defendant Walmart, but she did not go through Defendant Bowyer or even ask for his help. Plaintiff-Intervenor applied for employment in the conventional manner through Defendant Walmart's website.

**ANSWER:**    Walmart admits that Plaintiff-Intervenor applied for employment with Walmart. Walmart denies the remaining allegations in Paragraph 14 of the FAC.

15.    Defendant Walmart's employee, James Cales ("Cales"), who held a position called a "Team Lead" in the electronics department at the Lewisburg Store, interviewed Plaintiff-Intervenor for a position.

**ANSWER:**    Admitted.

16.    While Plaintiff-Intervenor was waiting for her interview with Cales, Defendant Bowyer approached her and offered to become her "sugar daddy." Plaintiff-Intervenor declined Defendant Bowyer's offer.

**ANSWER:**    Denied.

17.    On or about January 28, 2021, Plaintiff-Intervenor began working as a Sales Associate in the electronics department at the Lewisburg Store.

**ANSWER:**    Admitted.

18.    As Team Lead, Cales supervised Plaintiff-Intervenor while she was a Sales Associate in the electronics department.

**ANSWER:**    Admitted.

19.    On or about March 27, 2021, Plaintiff-Intervenor transferred to a new position as a Sales Associate in the automotive department at the Lewisburg Store.

**ANSWER:**    Admitted.

20.    On or about March 12, 2022, Plaintiff-Intervenor transferred to a new position as the Fuel Department Manager at the Lewisburg Store's fuel station.

**ANSWER:**    Admitted.

21.    On or about August 27, 2022, Plaintiff-Intervenor transferred to a new position as a Team Lead in the apparel department at the Lewisburg Store.  Defendant Bowyer interviewed Plaintiff-Intervenor for this position, and she accepted it based upon the understanding that her work hours would be 6:00 a.m. to 3:00 p.m.  Previous work hours for this position were 4:00 a.m. to 1:00 p.m., which as the mother to two young children was not acceptable to Plaintiff-Intervenor.

**ANSWER:**    Walmart admits only that Plaintiff-Intervenor transferred to a new position as a Team Lead in the apparel department at the Lewisburg Store and that around the time of her transfer the work hours for employees in the apparel department changed from 4:00 a.m. to 1:00 p.m.  to 6:00 am to 3:00 p.m. Walmart has insufficient knowledge to admit or deny the reason why Plaintiff-Intervenor accepted the position or what work hours were acceptable to Plaintiff-Intervenor. Walmart denies the remaining allegations in this paragraph.

22.     Beginning in January 2021 and continuing throughout her employment, Defendant Walmart, acting through Defendant Bowyer, subjected Plaintiff-Intervenor to continuing, unwelcome, and offensive harassment because of her sex (female), including the following:

    a.    Defendant Bowyer repeatedly offered Plaintiff-Intervenor his services as her "sugar daddy," which Plaintiff-Intervenor understood to mean that Defendant Bowyer would provide financial resources and beneficial treatment to her in exchange for her agreement to enter into a sexual relationship.  Plaintiff-Intervenor refused Defendant Bowyer's offers.

    b.    Defendant Bowyer repeatedly told Plaintiff-Intervenor that he wanted to see her breasts and offered her money to show him her breasts.  Plaintiff-Intervenor refused Defendant Bowyer's offers.  Before Plaintiff-Intervenor became a Team Lead, Defendant Bowyer told Plaintiff-Intervenor that she could show her breasts to him or to the two other management-level employees hiring for the Team Lead position if she ever "needed anything."

**ANSWER:**     Walmart denies that Bowyer made the statements alleged in this paragraph. Walmart has insufficient knowledge to admit or deny the allegations concerning what Plaintiff-Intervenor understood. Walmart denies any remaining allegations in this paragraph.

23.     Shortly after accepting the position as Team Lead in the apparel department, Plaintiff-Intervenor was informed by a human resources employee that her hours would be 4:00 a.m. to 1:00 p.m.

**ANSWER:**     Denied.

24.     On or about September 12, 2022, Plaintiff- Intervenor called or texted Defendant Bowyer to protest the working hours, as she accepted the position on the basis that the hours would be 6:00 a.m. to 3:00 p.m.  Defendant Bowyer, in his capacity as Store Manager, brought Plaintiff-Intervenor into his office at the Lewisburg Store, where no one else was present, and subjected her to the following unwelcome, offensive conduct:

    a.    Defendant Bowyer demanded that Plaintiff-Intervenor show him her breasts as a condition of her employment, i.e., to receive a shift change that she was previously told she would receive.  Plaintiff-Intervenor was highly offended but reluctantly complied with Defendant Bowyer's demand.

b.    Defendant Bowyer, without Plaintiff-Intervenor's consent and against her will, groped and put his mouth on her breasts. Plaintiff-Intervenor responded by pushing Defendant Bowyer away.

c.    Defendant Bowyer, without Plaintiff-Intervenor's consent and against her will, approached Plaintiff-Intervenor from behind and pressed his body, including his clothed genitals, against her back.

d.    Defendant Bowyer, without Plaintiff-Intervenor's consent and against her will, groped Plaintiff-Intervenor's breasts and put his hand in her pants, attempting to touch her genitals.

e.    In response to Defendant Bowyer's aforementioned conduct, Plaintiff-Intervenor attempted to leave his office, but Defendant Bowyer physically cornered her, blocking her from exiting the room.

f.    Defendant Bowyer then asked Plaintiff-Intervenor if she wanted to see his genitals, and Plaintiff-Intervenor told him "No."

g.    Defendant Bowyer then asked Plaintiff-Intervenor to put his genitals in her mouth, and Plaintiff-Intervenor told him "No."

h.    Having isolated and cornered Plaintiff-Intervenor, Defendant Bowyer then persisted in his demand, and by his contemporaneous and past statements and conduct, he pressured Plaintiff-Intervenor into compliance with his demand that she perform oral sex on him.

i.    Fortunately, Plaintiff-Intervenor received a call on her radio from a fellow Team Lead who needed her.  This gave Plaintiff-Intervenor an excuse to get out of Defendant Bowyer's office.

j.    Defendant Walmart changed Plaintiff-Intervenor's shift time to 6:00 a.m. to 3:00 p.m.

k.    Later the same day, Defendant Bowyer informed Plaintiff-Intervenor that her shift time had changed to 6:00 a.m. to 3:00 p.m.

**ANSWER:**    Walmart denies the allegations contained in Paragraph 24 of the FAC, including subparagraphs (a) through (k).

25.    On one occasion after September 12, 2022, Defendant Bowyer offered to pay Plaintiff-Intervenor $200 if she would perform oral sex on him. Plaintiff-Intervenor refused, finding his statement and conduct unwelcome and offensive.

**ANSWER:**    Denied.

8

26.     On one occasion after September 12, 2022, Defendant Bowyer offered to provide Plaintiff-Intervenor with another term, condition, or privilege of employment (a special allowance to eliminate unsold clearance inventory from her department) if she showed him her breasts by the end of the day. Plaintiff-Intervenor refused, finding his statement and conduct unwelcome and offensive.

**ANSWER:**   Denied.

27.     On or about September 29, 2022, Plaintiff-Intervenor reported that she had experienced sexual harassment at the Lewisburg Store to Freda Bishop ("Bishop"), an employee of Defendant Walmart.

**ANSWER:**   Walmart admits only that on or around September 29, 2022, Plaintiff-Intervenor reported that she had experienced sexual harassment at the Lewisburg store to Freda Bishop, an associate at another Walmart store. Walmart denies any remaining allegations in Paragraph 27.

28.     On or around September 29, 2022, Bishop reported Plaintiff-Intervenor's complaint to Defendant Walmart.

**ANSWER:**   Walmart admits only that Bishop reported Plaintiff-Intervenor's complaint to her Store Manager on or around September 29, 2022.

29.     Shortly thereafter, a human resources employee of Defendant Walmart, Aaron Mulhern ("Mulhern"), contacted Plaintiff-Intervenor to discuss her complaint. Mulhern informed Plaintiff-Intervenor that Defendant Walmart would investigate her complaint and interview her. Plaintiff-Intervenor told Mulhern she was considering retaining legal counsel.

**ANSWER:**    Walmart admits only that Mulhern contacted Plaintiff-Intervenor to discuss her complaint and he informed her that Walmart would investigate her complaint. Walmart denies any remaining allegations in this paragraph.

30.    Shortly thereafter, Plaintiff-Intervenor notified Mulhern that she had retained legal counsel.

**ANSWER:**    Walmart admits only that Plaintiff-Intervenor notified Mulhern that she had retained legal counsel. Walmart denies any remaining allegations in this paragraph.

31.    Defendant Walmart knew that Defendant Bowyer was the subject of Plaintiff-Intervenor's sexual harassment complaint no later than October 4, 2022.

**ANSWER:**    Admitted.

32.    On or before October 4, 2022, Defendant Bowyer reported to Defendant Walmart that Plaintiff-Intervenor had told others that he was the subject of her sexual harassment complaint.

**ANSWER:**    Walmart admits only that Bowyer learned on or around October 4, 2022, that Plaintiff-Intervenor made a sexual harassment allegation against him and self-reported the allegation to human resources personnel. Walmart denies any remaining allegations in this paragraph.

33.    Prior to Plaintiff-Intervenor's September 2022 report of sexual harassment, one or more female employees had made complaints to Defendant Walmart of Defendant Bowyer's sexually harassing conduct.

**ANSWER:**    Denied.

34.    Plaintiff-Intervenor suffered great emotional harm from Defendant Bowyer's harassment.  She was diagnosed with post-traumatic stress disorder and had a difficult time working.  Plaintiff-Intervenor's counsel requested that Defendant Walmart suspend Defendant

Bowyer while the investigation was continuing, but Defendant Walmart refused. Plaintiff-Intervenor could not continue working if she had to see Defendant Bowyer every day.  She applied for leave pursuant to the Family Medical Leave Act.  Plaintiff-Intervenor's last day of employment was October 12, 2022, and her leave commenced on or about October 14, 2022.

**ANSWER:**    Walmart admits only that Charging Party applied for and took a leave of absence starting on or around October 12, 2022. Walmart has insufficient knowledge to admit or deny the allegations concerning post-traumatic stress disorder. Walmart denies that Defendant Bowyer harassed her and denies any remaining allegations in this paragraph.

35.    Plaintiff-Intervenor used all of her accumulated paid time off during her leave.

**ANSWER:**    Admitted.

36.    Plaintiff-Intervenor applied for short-term disability and Workers Compensation benefits.  Both were denied.

**ANSWER:**    Admitted.

37.    On or about October 18, 2022, Plaintiff-Intervenor, through her legal counsel, provided a statement to Defendant Walmart detailing Defendant Bowyer's harassment.

**ANSWER:**    Walmart admits that Plaintiff-Intervenor's legal counsel provided a statement to Walmart on or around October 18, 2022. Walmart denies any remaining allegations in this paragraph.

38.    In her statement, Plaintiff-Intervenor stated that there were several other female employees who said that Defendant Bowyer had sexually harassed them.

**ANSWER:**    Denied.

39.    Defendant Walmart never interviewed Plaintiff-Intervenor about her sexual harassment complaint against Defendant Bowyer.

**ANSWER:**    Denied.

40.    Defendant Walmart never asked Plaintiff-Intervenor or her counsel to identify the other female employees who said that Defendant Bowyer sexually harassed them.

**ANSWER:**    Denied.

41.    Defendant Walmart never informed Plaintiff-Intervenor or her counsel about the outcome of any investigation of her complaint against Defendant Bowyer.

**ANSWER:**    Denied.

42.    At no time did Defendant Walmart ever take disciplinary action against Defendant Bowyer for sexual harassment against Plaintiff-Intervenor or even temporarily remove him from the workplace pending investigation.

**ANSWER:**    Walmart admits only that it did not take disciplinary action against Bowyer based on Plaintiff-Intervenor's allegations. Walmart denies that Bowyer engaged in sexual harassment and denies any remaining allegations in this paragraph.

43.    On or about January 13, 2023, Plaintiff-Intervenor filed her charge of discrimination against Defendant Walmart with Plaintiff EEOC.

**ANSWER:**    Walmart admits that Plaintiff-Intervenor filed a charge of discrimination with Plaintiff EEOC on or around January 13, 2023.

44.    On or about January 13, 2023, Defendant Walmart received notice from the Plaintiff EEOC that Plaintiff-Intervenor had filed the charge of discrimination.

**ANSWER:**    Walmart admits only that on or around January 13, 2023, its counsel received notice from Plaintiff EEOC that Plaintiff-Intervenor filed the charge of discrimination. Walmart denies any remaining allegations in this paragraph.

45.     On or about January 17, 2023, Defendant Walmart obtained Plaintiff-Intervenor's charge of discrimination.

**ANSWER:**    Walmart admits only that on or around January 13, 2023, its counsel received notice from Plaintiff EEOC that Plaintiff-Intervenor filed the charge of discrimination. Walmart denies any remaining allegations in this paragraph.

46.     On or about January 19, 2023, Defendant Walmart discharged Plaintiff-Intervenor from her employment.

**ANSWER:**    Admitted.

47.     Plaintiff EEOC investigated Plaintiff-Intervenor's charge of discrimination, and Plaintiff-Intervenor fully complied with that investigation.

**ANSWER:**    Walmart has insufficient knowledge to admit or deny the allegations in this paragraph. Walmart therefore denies the allegations in this paragraph.

48.     On June 28, 2023, Plaintiff EEOC issued to Defendant Walmart an administrative determination finding reasonable cause to believe that Defendant Walmart violated Title VII by subjecting Plaintiff-Intervenor to a hostile work environment because of sex (female) and discharge because of sex (female) and retaliation (opposition, participation), and further finding reasonable cause to believe that Defendant Walmart subjected a class of female employees to an ongoing hostile work environment because of sex (female).  Plaintiff EEOC invited Defendant Walmart to join with Plaintiff EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

**ANSWER:**    Walmart admits only that on or around June 28, 2023 Plaintiff EEOC issued an administrative determination. Walmart denies any remaining allegations in this paragraph.

49.     Plaintiff EEOC engaged in communications with Defendant Walmart to provide Defendant Walmart the opportunity to remedy the discriminatory practices described in the administrative determination.

**ANSWER:**     Denied.

50.     Defendant Walmart did not respond to Plaintiff EEOC's conciliation communications, and Plaintiff EEOC was unable to secure from Defendant Walmart a conciliation agreement acceptable to Plaintiff EEOC.

**ANSWER:**     Denied, except that no conciliation has been reached. Walmart has insufficient knowledge to admit or deny the allegations in this paragraph regarding what is acceptable to Plaintiff EEOC. Walmart denies any remaining allegations in this paragraph.

51.     On July 27, 2023, Plaintiff EEOC issued to Defendant Walmart a Notice of Failure of Conciliation.

**ANSWER:**     Walmart has insufficient knowledge to admit or deny the allegations in this paragraph. Walmart therefore denies the allegations in this paragraph.

52.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**     The allegations contained in Paragraph 52 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 52 of the FAC. Walmart avers Plaintiff EEOC unilaterally ended conciliation discussions without providing Walmart with information sufficient to evaluate the proposed terms.

**Count I**

**Hostile Work Environment Because of Sex**

**42 U.S.C. § 2000e-2(a)**
**West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq.**

**Defendant Walmart**

53.    For Count I of this FAC, paragraphs 1-52 of this FAC are incorporated herein by reference as though fully restated herein.

**ANSWER:**    To the extent a response is required, Walmart incorporates its responses to Paragraphs 1 through 52 above.

54.    Defendant Walmart subjected Plaintiff-Intervenor to unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a) and the West Virginia Human Rights Act in the form of a hostile work environment because of her sex (female).

**ANSWER:**    Denied.

55.    The harassing conduct described in detail herein was unwelcome, sex-motivated, and both subjectively and objectively hostile or abusive, thereby altering the terms and conditions of Plaintiff-Intervenor's employment.

**ANSWER:**    The allegations contained in Paragraph 55 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 55 of the FAC.

56.    Defendant Walmart had actual and constructive notice of Defendant Bowyer's sexually harassing conduct and failed to take prompt action reasonably calculated to ending the harassment and preventing its recurrence.

**ANSWER:**    The allegations contained in Paragraph 56 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 56 of the FAC.

57.    Defendant Walmart is vicariously liable for the harassing conduct of its supervisory employee, Defendant Bowyer.

**ANSWER:**    The allegations contained in Paragraph 57 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 57 of the FAC.

58.    The harassing conduct and unlawful employment practices described in detail herein have had the effect of depriving Plaintiff-Intervenor of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex (female).

**ANSWER:**    Denied.

59.    The harassing conduct and unlawful employment practices described in detail herein were intentional.

**ANSWER:**    Denied.

60.    The harassing conduct and unlawful employment practices described in detail herein were done with malice or with reckless indifference to Plaintiff-Intervenor's rights.

**ANSWER:**    Denied.

61.    As a direct and proximate result of the harassing conduct and unlawful employment practices described in detail herein, Plaintiff-Intervenor has suffered actual harm and is entitled to damages, including but not limited to damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, inconvenience, and punitive damages.

**ANSWER:**    The allegations contained in Paragraph 61 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 61 of the FAC.

### Count II

### Discharge in Retaliation for Engaging in
### Protected Activity and Because of Sex

### 42 U.S.C. §§ 2000e-3(a), 2000e-2(a)
### West Virginia Human Rights Act, W.Va. Code § 5-11-1 et seq.

### Defendant Walmart

62.    For Count II of this FAC, paragraphs 1-61 of this FAC are incorporated herein by reference as though fully restated herein.

**ANSWER:**    To the extent a response is required, Walmart incorporates its responses to Paragraphs 1 through 61 above.

63.    Defendant Walmart discharged Plaintiff-Intervenor from her employment because of her opposition to Defendant Bowyer's sexually harassing conduct, including her initial report of sexual harassment, subsequent communications, and retention of legal counsel.

**ANSWER:**    Denied.

64.    Defendant Walmart discharged Plaintiff-Intervenor from her employment because of her initiation of Title VII administrative agency proceedings, including the filing of a charge of discrimination with Plaintiff EEOC.

**ANSWER:**    Denied.

65.    Defendant Walmart discharged Plaintiff-Intervenor from her employment because of her sex (female).

**ANSWER:**    Denied.

66.    The harassing conduct and unlawful employment practices described in detail herein have had the effect of depriving Plaintiff-Intervenor of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex (female).

**ANSWER:**    Denied.

67.    The harassing conduct and unlawful employment practices described in detail herein were intentional.

**ANSWER:**    Denied.

68.    The harassing conduct and unlawful employment practices described in detail herein were done with malice or with reckless indifference to Plaintiff-Intervenor's rights.

**ANSWER:**    Denied.

69.    As a direct and proximate result of the harassing conduct and unlawful employment practices described in detail herein, Plaintiff-Intervenor has suffered actual harm and is entitled to damages, including but not limited to damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, inconvenience, and punitive damages.

**ANSWER:**    The allegations contained in Paragraph 69 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 69 of the FAC.

**COUNT III**

**ASSAULT**

**(All Defendants)**

70.    For Count III of this FAC, paragraphs 1-69 of this FAC are incorporated by reference as though fully restated herein.

**ANSWER:**    To the extent a response is required, Walmart incorporates its responses to Paragraphs 1 through 69 above.

71.    As described in detail herein, Defendant Bowyer assaulted Plaintiff-Intervenor in his office on September 12, 2022.

**ANSWER:**    Denied.

72.    Defendant Walmart is vicariously liable for Defendant Bowyer's actions.

**ANSWER:**    The allegations contained in Paragraph 72 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 72 of the FAC.

73.    Defendant Bowyer's actions were willful, wanton, intentional, malicious, and done with a callous and reckless disregard for Plaintiff-Intervenor's rights.

**ANSWER:**    Denied.

74.    As a direct and proximate result Defendant Bowyer's actions described in detail herein, Plaintiff-Intervenor suffered actual harm and is entitled to damages, including but not limited to damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, inconvenience and punitive damages.

**ANSWER:**    The allegations contained in Paragraph 74 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 74 of the FAC.

## COUNT IV

## BATTERY

### (All Defendants)

75.    For Count IV of this FAC, paragraphs 1-74 of this FAC are incorporated by reference as though fully restated herein.

**ANSWER:**    To the extent a response is required, Walmart incorporates its responses to Paragraphs 1 through 74 above.

76.    As described in detail herein, Defendant Bowyer battered Plaintiff-Intervenor in his office on September 12, 2022.

**ANSWER:**    Denied.

77.    Defendant Walmart is vicariously liable for Defendant Bowyer's actions.

**ANSWER:**    The allegations contained in Paragraph 77 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 77 of the FAC.

78.    Defendant Bowyer's actions toward Plaintiff-Intervenor on September 12, 2022 were willful, wanton, intentional, malicious, and done with a callous and reckless disregard for Plaintiff-Intervenor's rights.

**ANSWER:**    Denied.

79.    As a direct and proximate result of the actions of Defendant Bowyer, as described in detail herein, Plaintiff suffered actual harm and is entitled to damages, including but not limited to damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, inconvenience and punitive damages.

**ANSWER:**    The allegations contained in Paragraph 79 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 79 of the FAC.

## COUNT V

## NEGLIGENT RETENTION

### (Defendant Walmart)

80.    For Count V of this FAC, paragraphs 1-79 of this FAC are incorporated by reference as though fully restated herein.

**ANSWER:**    To the extent a response is required, Walmart incorporates its responses to Paragraphs 1 through 79 above.

81.    Upon information and belief, there have been other legitimate complaints made to Defendant Walmart about Defendant Bowyer prior to the commencement of Plaintiff-Intervenor's employment with Defendant Walmart and thereafter, including the complaint made on behalf of Plaintiff-Intervenor.

**ANSWER:**    Denied.

82.    Defendant Walmart owed a legal duty to Plaintiff-Intervenor and to the general population to not retain an employee who, through his or her acts or omissions, might cause harm to other persons.

**ANSWER:**    The allegations contained in Paragraph 82 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 82 of the FAC.

83.    Defendant Walmart owed a legal duty to Plaintiff-Intervenor in that it knew that Plaintiff-Intervenor would be within the zone of foreseeable risk that was created by Defendant Bowyer.

**ANSWER:**    Denied.

84.    Defendant Walmart breached the duty that it owed to Plaintiff-Intervenor by failing to use a reasonable standard of care in retaining Defendant Bowyer in a supervisory capacity.

**ANSWER:**    Denied.

85.    Defendant Walmart breached its duty to Plaintiff by failing to adequately investigate complaints of Defendant Bowyer's sexual harassment, including the complaint made on behalf of Plaintiff-Intervenor.

**ANSWER:**    Denied.

86.    Had Defendant Walmart adequately investigated the complaints about Defendant Bowyer's conduct, it would have either corrected his performance or terminated his employment long before he caused harm to Plaintiff and before he could cause further harm.

**ANSWER:**    Denied.

87.    It was unreasonable for Defendant Walmart to retain Defendant Bowyer in light of information that it knew or should have known regarding his performance.

**ANSWER:**    Denied.

88.    As a direct and proximate result of Defendant Walmart's negligence in retaining Defendant Bowyer, as described in detail herein, Plaintiff-Intervenor suffered actual harm and is entitled to damages, including but not limited to damages for expenses incurred, loss of income, substantial mental anguish, physical and mental pain and suffering, loss of consortium, emotional distress, aggravation, annoyance, and inconvenience.

**ANSWER:**    The allegations contained in Paragraph 88 of the FAC contain conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent further response is required, Walmart denies the allegations contained in Paragraph 88 of the FAC.

## REQUEST FOR JUDGMENT, DAMAGES AND OTHER RELIEF

**WHEREFORE**, Plaintiff-Intervenor respectfully requests judgment, damages and other relief against Defendants as follows:

1.     Compensatory and general damages in an amount to be determined by the jury or other trier of fact at trial;

2.     Punitive damages in an amount to be determined by the jury or other trier of fact at trial;

3.     Attorneys' fees and all costs incurred by Plaintiff-Intervenor in pursuing this action;

4.     Pre-judgment and post-judgment interest as permitted by law; and

5.     Such other and further relief as this Court deems just and proper.

**ANSWER:**    Walmart denies that Plaintiff-Intervenor is entitled to any relief.

## DEMAND FOR JURY TRIAL

Plaintiff-Intervenor demands a trial by jury on all issues so triable.

**ANSWER:**    Plaintiff-Intervenor's "Jury Trial Demand" is a statement of Plaintiff-Intervenor's legal position, which requires no answer, and therefore Walmart denies the same.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as Affirmative and Other Defenses, Walmart does not concede each of the matters covered by the numbered defenses must be proven by Walmart, and Walmart reserves the position that the Plaintiff-Intervenor and/or Plaintiff retain the burden of proof on all matters necessary to state the claims asserted in the FAC and to establish any alleged damages. Without prejudice to its denials and other statements of its pleadings, Walmart alleges the following affirmative and other defenses.

**FIRST DEFENSE**

Plaintiff-Intervenor's FAC, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief are barred by the applicable statutes of limitations and/or by the equitable doctrines of laches, waiver and/or estoppel.

**THIRD DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief are barred to the extent that Plaintiff-Intervenor did not mitigate her damages in a timely manner or with diligence following the cessation of her employment with Walmart, and her damages, if any, should be reduced accordingly.

**FOURTH DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief under Title VII are barred to the extent they are beyond the scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC.

**FIFTH DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief on behalf of allegedly injured individuals are barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief are barred by the after acquired evidence doctrine.

**SEVENTH DEFENSE**

Plaintiff-Intervenor's claims for punitive damages are barred because the alleged acts or omissions of Walmart fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless, or fraudulent intent to deny any protected rights, and are not so wanton or willful as to support an award of punitive damages.

**EIGHTH DEFENSE**

Plaintiff-Intervenor's claims against Walmart for punitive damages are barred because Walmart has engaged in good faith efforts to comply with federal, state and local laws and has complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices as required by law.

**NINTH DEFENSE**

Claims in Plaintiff-Intervenor's FAC for damages or other relief are barred because they seek relief for discrete acts which cannot fall within the continuing violation doctrine and are therefore time barred.

**TENTH DEFENSE**

While Walmart expressly denies any of its employees, officers, or agents acted in any manner constituting a violation of any laws, if any such violation occurred, it occurred outside the scope of employment or agency and without the knowledge and consent of Walmart. Walmart did not authorize, condone, ratify, or tolerate any illegal or tortious acts, but instead prohibited such acts, and such conduct may not be attributed to Walmart through principles of agency, respondeat superior, or otherwise.

**ELEVENTH DEFENSE**

Some of all of Plaintiff-Intervenor's claims are barred due to her unreasonable failure to take advantage of preventative or corrective opportunities provided by Walmart or to avoid harm otherwise.

**TWELFTH DEFENSE**

Plaintiff-Intervenor cannot establish a pattern or practice of discrimination because the disputed employment decisions at issue were made by different decision-makers.

**THIRTEENTH DEFENSE**

Walmart did not commit the acts or omissions as alleged in Plaintiff-Intervenor's FAC for discriminatory motives, but even if it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, and non-pretextual reasons.

**FOURTEENTH DEFENSE**

Walmart did not commit the acts or omissions as alleged in Plaintiff-Intervenor's FAC for retaliatory motives, but even if it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, and non-pretextual reasons.

**FIFTEENTH DEFENSE**

The Plaintiff-Intervenor is not entitled to recover any punitive damages as prayed for in the FAC, and any allegations with respect thereto should be stricken, because any award of punitive damages as applied to the facts of this case would violate Walmart's constitutional rights under the U.S. Constitution, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the U.S. Constitution.

## SIXTEENTH DEFENSE

An award of punitive damages is not justified under the facts and circumstances of this case.

## SEVENTEENTH DEFENSE

An award of compensatory damages, including for future lost earnings, benefits and earnings capacity, past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering, is not justified under the facts and circumstances of this case.

## EIGHTEENTH DEFENSE

An award of attorneys' fees is not justified under the facts and circumstances of this case.

## NINETEENTH DEFENSE

Plaintiff-Intervenor has failed to establish that similarly situated individuals not in Plaintiff-Intervenor's protected class were treated more favorably.

## TWENTIETH DEFENSE

To the extent Plaintiff-Intervenor makes allegations or claims under Title VII with respect to alleged claims in a time period more than three hundred days (300) before she filed a charge with the EEOC, or which were not made the subject of a timely EEOC charge, such allegations or claims are barred.

## TWENTY-FIRST DEFENSE

Recovery for any mental, emotional and/or physical harm claimed by Plaintiff-Intervenor is precluded in this action by the West Virginia Workers' Compensation Act.

**TWENTY-SECOND DEFENSE**

Plaintiff-Intervenor's alleged injuries or damages, if any, were not proximately caused by any act or omission of Walmart, but by the intervening acts or omissions of other persons for whose actions Walmart is not legally responsible.

**TWENTY-THIRD DEFENSE**

Walmart denies that any duties exist as between it and any other party to this litigation except those duties that may be specifically admitted herein.

**TWENTY-FOURTH DEFENSE**

Notwithstanding Plaintiff-Intervenor's accusations, Walmart would nevertheless have made the same employment decisions with respect to Plaintiff-Intervenor.

**TWENTY-FIFTH DEFENSE**

Notwithstanding Plaintiff-Intervenor's filing of a charge of discrimination with the EEOC, Walmart would nevertheless have made the same employment decisions with respect to Plaintiff-Intervenor.

**TWENTY-SIXTH DEFENSE**

Notwithstanding Plaintiff-Intervenor's claim of an illegal animus, Walmart would nevertheless have made the same employment decisions with respect to Plaintiff-Intervenor.

**TWENTY-SEVENTH DEFENSE**

The termination of Plaintiff-Intervenor's employment was based upon legitimate, nondiscriminatory and non-retaliatory reasons.

**TWENTY-EIGHTH DEFENSE**

Walmart breached no duty to Plaintiff-Intervenor.

### TWENTY-NINTH DEFENSE

At all times relevant hereto, Walmart has acted without intent to engage in any unlawful employment practice and has at all times treated Plaintiff-Intervenor in accordance with the law.

### THIRTIETH DEFENSE

The West Virginia Workers' Compensation Act preempts Plaintiff-Intervenor's common law claims of negligent retention.

### THIRTY-FIRST DEFENSE

The West Virginia Workers' Compensation Act preempts Plaintiff-Intervenor's common law claims of assault.

### THIRTY-SECOND DEFENSE

The West Virginia Workers' Compensation Act preempts Plaintiff-Intervenor's common law claims of battery.

### THIRTY-THIRD DEFENSE

Walmart reserves the right to assert any Counterclaims, Cross-claims and/or file Third-Party FACs should discovery reveal the necessity of such action.

**DATED**:  September 24, 2024

BY: <u>/s/ Eric W. Iskra</u>
      Eric W. Iskra (WV State Bar No. 6611)
      **SPILMAN THOMAS & BATTLE, PLLC**
      300 Kanawha Boulevard, East (ZIP 25301)
      Post Office Box 273
      Charleston, WV 25321-0273
      (304) 340-3875
      EIskra@spilmanlaw.com

      Aaron T. Winn
      **DUANE MORRIS LLP**
      750 B Street, Suite #2900
      San Diego, CA 92101
      619-744-2200
      atwinn@duanemorris.com

      Natalie F. Bare
      Adam Brown
      Harrison H. Weimer
      **DUANE MORRIS LLP**
      30 South 17th Street
      Philadelphia, PA 19103
      (215) 979-1962
      nfbare@duanemorris.com

      *Attorneys for Walmart*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:23-00623 |
| and JANE DOE, | ) ) | Judge Frank W. Volk |
| Plaintiff-Intervenor, | ) ) | **ANSWER TO PLAINTIFF-INTERVENOR'S FIRST AMENDED** |
| v. | ) ) | **COMPLAINT** |
| WAL-MART STORES EAST, LP, and JAMES BOWYER | ) ) ) | |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, a true and correct copy of the foregoing Defendant's Answer to Plaintiff-Intervenor's First Amended Complaint was served on counsel of record for all parties by operation of the Court's electronic filing system.

/s Eric W. Iskra
Eric W. Iskra (WV State Bar No. 6611)