IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>and JANE DOE,<br><br>               Plaintiff-Intervenor,<br><br>    v.<br><br>WAL-MART STORES EAST, LP and JAMES BOYER,<br><br>               Defendants. | CIVIL ACTION NO.:  5:23-cv-00623<br><br>(Honorable Frank W. Volk) |

**MEMORANDUM IN SUPPORT OF WALMART'S
MOTION TO COMPEL DISCOVERY FROM EEOC**

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) and Local Rule 37.1(c), Defendant Wal-Mart Stores East, LP ("Walmart"), hereby submits this Memorandum in Support of its Motion to Compel Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") to provide certain discovery responsive to Walmart's Third Set of Requests for Production of Documents. In support thereof, Walmart states as follows:

**INTRODUCTION**

In this action, the EEOC seeks to assert claims not only on behalf of Plaintiff-Intervenor Jane Doe, but also on behalf of certain other former employees of Walmart who the EEOC alleges also were subjected to unlawful conduct. Specifically, the EEOC has identified Jessica Brewer and Chantel Hardiman as the two other employees whose interests it is representing in this matter.

On behalf of Ms. Brewer and Ms. Hardiman, the EEOC seeks, among other things, damages for alleged pain, suffering, and other nonpecuniary losses the EEOC claims they incurred. By making such allegations and claims, and seeking to recover such damages, the EEOC has put Ms. Brewer's and Ms. Hardiman's medical condition(s) directly at issue. Walmart, therefore, is entitled to discovery regarding any such condition(s), including a review of Ms. Brewer's and Ms. Hardiman's medical records.

Walmart properly requested that the EEOC provide documents supporting the EEOC's claim for nonpecuniary damages it seeks, including those arising from alleged emotional distress and any related condition(s). Walmart also asked that the EEOC provide an authorization for the release of medical records executed by Ms. Brewer and Ms. Hardiman, so that it could obtain such records directly from their respective medical providers. Initially, the EEOC responded with various boilerplate objections and refused to provide either the records or the authorizations.

After months of efforts, including serving new requests intended to cure certain objections the EEOC made to providing one of the requested authorizations, Walmart still has not obtained this necessary discovery. While the EEOC eventually produced certain medical records for Ms. Brewer, the records were impermissibly redacted and incomplete. The EEOC has not produced unredacted records for Ms. Brewer, it has not produced any records for Ms. Hardiman, and it has refused to provide authorizations for the release of medical records for either Ms. Brewer or Ms. Hardiman.

Walmart has sought at length to resolve this issue with the EEOC's counsel, including providing counsel with ample authority for its position and giving the EEOC multiple opportunities to do the same. During the meet-and-confer process, the EEOC has not identified

2

any legal support for its position on these issues, instead asserting that the requested records are not relevant or otherwise not discoverable.

As set forth below, there is no justification for the EEOC's refusal to produce complete medical records as well as signed authorizations enabling Walmart to obtain such records directly from providers. Accordingly, Walmart respectfully requests that the Court order the EEOC to comply with its discovery obligations and provide the requested material.

## <u>BACKGROUND</u>

On April 23, 2024, Walmart served on the EEOC its First Set of Requests for Production of Documents. Declaration of Adam Brown ("Brown Decl."), at ¶ 3, Ex. A. Included therein was Request No. 11, which sought documents supporting any allegations by the EEOC that any "Aggrieved Employee" (defined, in relevant part, as the "aggrieved current and former female employees that EEOC claims were subjected to unlawful employment practices as alleged in the Complaint"), as follows:

> Produce all documents that relate to or support any allegation that Charging Party *or any Aggrieved Employee* has suffered or will suffer damage as a result of Walmart's actions, including but not limited to past and future nonpecuniary losses resulting from the unlawful practices complained of above, *including but not limited to **emotional pain, suffering**, inconvenience, loss of enjoyment of life, and humiliation.*

Brown Decl. ¶ 4, Ex. A (emphasis added). Also on April 29, 2024, Walmart served its first set of discovery requests on Plaintiff-Intervenor, which included an Authorization For Use And Disclosure Of Protected Health Information to be signed by Plaintiff-Intervenor. Brown Decl. ¶ 5, Exs. B & C.

In the EEOC's responses to Walmart's document requests, dated May 28, 2024, the EEOC objected to Request No. 11, characterizing it as, among other things, "premature, as the parties have not yet completed discovery, and EEOC's response to this Request will depend, in

part, on additional information that EEOC obtains during discovery." Brown Decl. ¶ 6, Ex. D. The EEOC further stated in its response, "Discovery is currently ongoing, and EEOC reserves the right to supplement or revise its response to this Request based on information that EEOC obtains throughout the course of this action." Brown Decl. ¶ 6, Ex. D.

On June 29, 2024, Plaintiff-Intervenor complied with Walmart's request that she provide a signed authorization for the release of her medical records. Brown Decl. ¶ 7. On July 12, 2024, Walmart served subpoenas for Plaintiff-Intervenor's medical records, attaching the signed authorization, on Plaintiff-Intervenor's medical providers, Seneca Health Services ("Seneca Health"), Robert C. Byrd Clinic, and Rainelle Medical Center. Brown Decl. ¶ 8. Walmart obtained the records from Robert C. Byrd Clinic and Rainelle Medical Center shortly thereafter. Brown Decl. ¶ 9.

On July 18, 2024, Seneca Health wrote to Walmart stating that it would not produce any medical records in response to the subpoena, explaining that it could not accept the authorization Walmart provided because it was not in Seneca Health's prescribed form. Brown Decl. ¶ 10. Walmart therefore requested that Plaintiff-Intervenor sign the Seneca Health-prescribed authorization, which she provided to Walmart on July 25, 2024. Brown Decl. ¶ 11. On July 31, 2024, after Seneca Health received the second authorization, it provided Walmart with Plaintiff-Intervenor's Seneca Health medical records. Brown Decl. ¶ 12.

On August 22, 2024, the EEOC informed Walmart that it was representing Ms. Brewer's interests in this litigation. Brown Decl. ¶ 13. Also on August 22, 2024, Walmart served on the EEOC its Second Set of Interrogatories, including Interrogatory No. 14, which directed the EEOC as follows:

> Identify all physicians, psychologists, psychiatrists, therapists, counselors, coaches, or any other health care professional whom Jessica Brewer has consulted

4

from July 1, 2017 to the present for medical, psychological, psychiatric or related treatment, diagnoses, or counseling for emotional or mental distress or any related conditions or symptoms, and for each such person or entity: (a) state the address of each such person or entity; (b) state the date(s) each such person or entity was consulted; (c) state the purpose(s) of consulting with each such person or entity; (d) identify all documents relating to such consultation; and (e) produce a completed Authorization to Release Medical Information using the form attached hereto at Exhibit B.

Brown Decl. ¶ 14, Ex. E. Attached as Exhibit B to Walmart's Second Set of Interrogatories was a form of authorization for the release of medical records for Ms. Brewer's execution. *Id.*

On September 19, 2024, the EEOC served responses to Walmart's Second Set of Interrogatories. Brown Decl. ¶ 15, Ex. F. The EEOC objected to Interrogatory No. 14 on the purported basis, among others, that it was overly broad in scope as to time and subject matter, and "as seeking documents that are not discoverable under Federal Rule of Civil Procedure 33, because Rule 33 is not a vehicle by which a party may be compelled to sign an authorization for the release of records." *Id.* The EEOC then responded, subject to the above objections and others, that "Ms. Brewer did not seek treatment from any mental health professional or other health care provider in connection with or regarding any emotional distress that EEOC asserts was caused by Walmart's unlawful employment practices that are the subject of this present action." *Id.* In apparent reliance on its objections and its assertion that Ms. Brewer did not seek treatment for the condition(s) she claims were caused by the alleged events in this matter, the EEOC did not provide any information about Ms. Brewer's medical treatment, nor did it have Ms. Brewer sign and return the authorization for release of medical records attached to the interrogatories as Exhibit B. Brown Decl. ¶ 16.

On September 27, 2024, counsel for Walmart sent a letter to counsel for the EEOC explaining that its objections to Interrogatory No. 14 were not valid under applicable law. Brown Decl. ¶ 17, Ex. G. Walmart requested in that letter that the EEOC amend or supplement its

5

response to provide the requested information regarding Ms. Brewer's medical treatment, and that it supply Walmart with an executed authorization to obtain related documents from her medical providers. Brown Decl. ¶ 17, Ex. G.

On October 4, 2024, the EEOC served Supplemental Responses to Walmart's Second Set of Interrogatories. Brown Decl. ¶ 18, Ex. H. In those supplemental responses, the EEOC reiterated its objection to discovery of information related to Ms. Brewer's medical treatment predicated on the assertion that she did not receive treatment for the particular conditions the EEOC claims were caused by alleged events during her Walmart employment. Brown Decl. ¶ 18, Ex. H. The EEOC disclosed for the first time, however, that "Ms. Brewer previously sought treatment from the Robert C. Byrd Clinic, 1464 N Jefferson St, Lewisburg, WV 24901, for [her mental health diagnoses]" and that, "[u]pon information and belief, Ms. Brewer consulted with Sabrina Walker, APRN-CNP for these conditions." Brown Decl. ¶ 19, Ex. H.

On October 7, 2024, counsel for Walmart wrote to the EEOC to inquire whether the EEOC was standing on its objections to Ms. Brewer's execution of an authorization for the release of medical records. Brown Decl. ¶ 20, Ex. I. The EEOC responded in the affirmative, restating its previously asserted positions that (1) Rule 33 does not authorize a party to seek such an authorization; and (2) "[e]ven if Rule 33 authorized such discovery, . . . the release Walmart submitted to EEOC was overbroad and sought material that is privileged, not relevant to the claims and defenses in this action, and not proportional to the needs of this case." Brown Decl. ¶ 21, Ex. J.

On October 21, 2024, counsel for Walmart met and conferred with the EEOC's counsel to discuss the EEOC's continuing objection to providing medical records and a signed authorization for the release of medical information related to Ms. Brewer. Brown Decl. ¶ 22.

During that meeting, the EEOC conceded that the medical records were covered by Request 11 and stated that it would produce the records once it had obtained them from Ms. Brewer's providers. Brown Decl. ¶ 23. The parties agreed to extend the time for Walmart to move to compel responses to its first set of discovery requests so that it would have an opportunity to receive and review the records before proceeding with any such motion. Brown Decl. ¶ 24; ECF Doc. No. 162.

On December 6, 2024, the EEOC informed Walmart that it was representing the interests of Chantel Hardiman in this litigation. Brown Decl. ¶ 25.

On December 11, 2024, Walmart served on the EEOC its Third Set of Requests for Production of Documents. Brown Decl. ¶ 26, Ex. K. Because the EEOC previously had objected to Walmart's use of an interrogatory to obtain an authorization for the release of Ms. Brewer's medical records—positing that "Rule 33 is not a vehicle by which a party may be compelled to sign an authorization for the release of records"—Walmart sought to address that objection, and cure any possible deficiency, by posing a document request pursuant to Rule 34 (rather than an interrogatory pursuant to Rule 33) to obtain the authorization pursuant to that rule rather than Rule 33. Brown Decl. ¶ 27, Ex. K. Specifically, Request No. 49 directed the EEOC to:

> Produce all documents relating to all physicians, psychologists, psychiatrists, therapists, counselors, coaches, or any other health care professional whom Jessica Brewer has consulted from July 1, 2017 to the present for medical, psychological, psychiatric or related treatment, diagnoses, or counseling for emotional or mental distress or any related conditions or symptoms as identified in your response Interrogatory No. 14, including but not limited to any and all documents relating to such treatment, diagnoses, or counseling (e.g., the records identified in Exhibit C), and, for each identified person or entity, provide an executed Authorization for Use and Disclosure of Protected Health Information using the form attached as Exhibit C hereto.

Brown Decl. ¶ 28, Ex. K. Walmart made an analogous request for Chantel Hardiman in Request

No. 46, which asked the EEOC to provide a signed authorization for the release of Ms.

Hardiman's medical records. Brown Decl. ¶ 29, Ex. K.

      As of December 11, 2024, when it served those requests, Walmart had not yet received

any medical records for Ms. Brewer. Brown Decl. ¶ 30, Ex. L. Therefore, in the cover email

transmitting the requests, counsel for Walmart asked that the EEOC produce the medical records

no later than December 20, 2024. Brown Decl. ¶ 30, Ex. L.

      On December 20, 2024, the EEOC made a production of medical records related to

treatment Ms. Brewer received at the Robert C. Byrd Clinic. Brown Decl. ¶ 31. The records were

heavily redacted, without any accompanying explanation for the redactions. Brown Decl. ¶ 31.

They also appeared to reflect that Ms. Brewer had received treatment at a second facility, Seneca

Health, for which the EEOC had produced no records. Brown Decl. ¶ 31.

      Because the EEOC had unilaterally redacted its December 20, 2024, production of

medical records and not produced records from Seneca Health, on January 2, 2025, counsel for

Walmart wrote to the EEOC's counsel to request that it remove the redactions and produce the

apparently outstanding Seneca Health material. Brown Decl. ¶ 32, Ex. M. On January 6, 2024,

the EEOC responded that it believed the unilateral redactions were permissible based on

relevance, privacy concerns, and various privileges. Brown Decl. ¶ 33, Ex. N. The EEOC further

noted that it was in the process of obtaining the requested records from Seneca Health, and that it

would "will produce any non-privileged portions that are relevant and responsive to Defendant

Walmart's discovery requests." Brown Decl. ¶ 33, Ex. N.

      In its responses to Walmart's Third Set of Requests for Production of Documents, dated

January 8, 2025, the EEOC again made an assortment of objections, including based on

overbreadth and numerous purportedly applicable privileges, and it this time also asserted that "Rule 34 is not a proper vehicle through which a party can be compelled to sign an authorization for the release of records." Brown Decl. ¶ 34, Ex. O. The EEOC did not, however, reassert its prior position that there were no discoverable records. Brown Decl. ¶ 34, Ex. O. Instead, it said "EEOC has produced the relevant non-privileged portions of responsive documents at [the bates range of documents produced on December 20, 2024]." Brown Decl. ¶ 34, Ex O.

   As of January 21, 2025, Walmart had not received any Seneca Health records and still had not resolved its dispute with the EEOC regarding its refusal to provide an authorization for the release of medical records and its unilateral redaction of discoverable documents. Brown Decl. ¶ 35. Therefore, on that date, Walmart's counsel wrote again to the EEOC to explain why its positions on these issues was incorrect under applicable case law, and to request that the EEOC provide the Seneca Health records no later than January 24, 2025. Brown Decl. ¶ 36, Ex. P. In the same email, counsel notified the EEOC that, if Ms. Hardiman was seeking damages for alleged emotional pain and suffering, then the parties likely would have a similar discovery dispute as to her medical records. Brown Decl. ¶ 36, Ex P.

   On January 24, 2024, the EEOC stated in an email that it had not yet obtained records from Seneca Health. Brown Decl. ¶ 37, Ex. Q. That email did not address any of the other issues Walmart's counsel had raised on January 21, 2025, including the EEOC's impermissible unilateral redactions and its refusal to provide an executed authorization for the release of Ms. Brewer's medical records. Brown Decl. ¶ 37, Ex. Q. It also did not identify any legal authority supporting the EEOC's position on those matters. Brown Decl. ¶ 37, Ex. Q. The EEOC confirmed, however, that it intended to seek damages on behalf of Ms. Hardiman for alleged emotional pain and suffering, that it was in the process of obtaining her medical records, and that

it would "review and produce the relevant and responsive documents." Brown Decl. ¶ 38, Ex. Q. The EEOC did not address Walmart's request for a signed authorization from Ms. Hardiman. *Id.*

Accordingly, on January 27, 2025, counsel for Walmart wrote to the EEOC's counsel to provide further case-law support for its position and to explain that Walmart could no longer refrain from moving to compel the outstanding discovery, after months of meet-and-confer efforts had not succeeded. Brown Decl. ¶ 39, Ex. R. Counsel invited the EEOC to discuss the matter further if it wished to do so. *Id.* On January 28, 2025, counsel for the EEOC responded that it intended to stand on its stated objections to the requests at issue. Brown Decl. ¶ 40, Ex. S.

On January 31, 2025, counsel for the EEOC wrote to Walmart's counsel forwarding an email from a Seneca Health representative stating that Seneca Health did not have medical records for Jessica Brewer. Brown Decl. ¶ 41, Ex. T. This email did not resolve all outstanding issues, however, because (1) Ms. Brewer's other medical records as the EEOC produced them remain heavily, unilaterally, and impermissibly redacted; (2) the EEOC has not provided any medical records for Ms. Hardiman; and (3) the EEOC still has not provided authorizations for the release of medical records for either Ms. Brewer or Ms. Hardiman. Brown Decl. ¶ 42, Ex. T.

To date, the EEOC has impermissibly refused to provide the requested discovery, provided no legal support for its position, and thereby impeded Walmart's timely discovery of Ms. Brewer's and Ms. Hardiman's medical records. Brown Decl. ¶ 42, Ex. T. Accordingly, Walmart was forced to file the instant Motion. Brown Decl. ¶ 43.

## ARGUMENT

"The Federal Rules of Civil Procedure authorize very broad discovery." *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, No. CIV.3:08CV495RJCDCK, 2009 WL 4062881, at *1 (W.D.N.C. Nov. 20, 2009) (citing *Herbert v. Lando,* 441 U.S. 153, 177 (1979) and *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). "A party claiming compensatory damages for emotional

distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records." *Id.* (citing *Coffin v. Bridges,* No. 95–1781, 1995 WL 729489 (4th Cir. Dec. 11, 1995)).

Thus, when a plaintiff in an employment discrimination matter seeks compensatory damages based on alleged emotional pain, suffering, and related non-pecuniary losses, the defendant "is entitled to a review of Plaintiff's medical records to determine if any prior event may affect her demand for [emotional distress] damages." *Pajak v. Under Armour, Inc.*, No. 1:19-CV-160, 2020 WL 265205, at *5 (N.D.W. Va. Jan. 17, 2020). Under this well-established principle, courts routinely grant defendants' motions to compel such discovery, regardless of whether the requested records relate directly to the condition the plaintiff claims were a result of any acts alleged in the lawsuit. *See id.* (granting defendant's motion to compel and ordering "production of medical and mental health records to five years preceding Plaintiff['s] termination of employment to the present," even though plaintiff was "not claiming to have incurred any medical or mental health treatment as a result of the termination and Plaintiff is not planning to call any witnesses, present medical bills, or call an expert regarding any medical treatment in this case"); *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-CV-08047, 2013 WL 1750464, at *3 (S.D.W. Va. Apr. 23, 2013) (granting motion to compel production of medical records "[n]otwithstanding Plaintiff's representation in this case that she does not intend to offer medical records to corroborate her claims"); *Equal Emp. Opportunity Comm'n v. Sheffield Fin., LLC*, No. 1:06CV00889, 2007 WL 1726560, at *4 (M.D.N.C. June 13, 2007) (granting similar motion to compel and rejecting EEOC's opposing arguments because "Defendant is entitled to discover information concerning [the plaintiff's] medical, mental, and pharmaceutical history to determine if any prior event may affect his demand for damages").

A plaintiff's obligation to provide discovery regarding such treatment includes providing the defendant, upon request, with an executed authorization to obtain medical records. *See Teague v. Target Corp.,* No. 3:06cv191, 2006 WL 3690642, at *1-*2 (W.D.N.C. 2006) (ordering plaintiff to provide signed authorization and awarding costs and fees to employer's counsel where plaintiff "failed to produce complete medical and pharmacy records from all providers identified in response to [employer's] discovery requests" and "also refused to sign the authorization/releases allowing [employer] to obtain the medical and pharmacy records on its own"); *Jimoh*, 2009 WL 4062881, at *2 (ordering plaintiff to produce information identifying plaintiff's health care providers and pharmacies, as well as signed authorizations for the release of medical and pharmacy records, and admonishing plaintiff that her "refusal to sign an authorization has impeded timely discovery of her records"). As the *Sheffield* court explained, "[t]he EEOC does not have to spend significant resources to produce [plaintiff's] medical records; providing signed authorizations for the release of the medical records is all the EEOC has to do." 2007 WL 1726560, at *6.

As the *Jimoh* court explained, a plaintiff may not obstruct and delay discovery by "merely contend[ing] that she has furnished all 'relevant' records" while "refus[ing] to sign a medical authorization[.]" 2009 WL 4062881, at *2. Here, like in *Jimoh*, the EEOC has done exactly that, unilaterally selecting and limiting its production to the records it deemed relevant, including by way of unilateral redactions, while vexatiously withholding the requested authorization. *Id.* When a plaintiff attempts such an improper tactic, the defendant's recourse is the compulsion of a signed authorization pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). *Id.* ("Plaintiff shall sign and return to Defendant, HIPAA-

12

compliant releases authorizing Defendant to subpoena the Plaintiff's medical records; Failure to comply with this Order may result in sanctions, including dismissal of this case[.]").

Further, authorizations are necessary here, because requiring Walmart to resort to serving subpoenas on Ms. Brewer's and Ms. Hardiman's providers would cause further undue delay and expense. Unlike in *Carpenter*, in which the court found the defendant's requested authorizations "not necessary" due to the availability of the subpoena procedure, 2013 WL 1750464, at *3, Walmart knows empirically that at least one relevant provider, Seneca Health, will not comply with a subpoena without the execution of its prescribed authorization. *See* Brown Decl. ¶ 10. Thus, the EEOC cannot argue here that subpoenas on the providers would be adequate to enable Walmart to obtain this long-overdue discovery, and Walmart would suffer even more prejudice were the Court to accept such an argument.

The EEOC's objection that Rule 34 is not the appropriate mechanism for obtaining a signed authorization for the release of medical records is contrary to the plain text and purpose of the rule, the very purpose of which is to enable parties to obtain "any designated documents or electronically stored information" that bear on the issues in a litigation. Fed. R. Civ. P. 24(a)(1)(A); *see also* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). As courts have recognized in granting motions to compel plaintiffs to provide such discovery—*including in cases involving the EEOC, over the EEOC's baseless objection*— Rule 34 self-evidently *is* a proper avenue for a party to obtain documents regarding a medical provider's treatment of a harassment claimant seeking damages for alleged emotional pain and suffering, including by way of an authorization executed by the claimant. *See Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, No. 1:09CV700, 2011 WL 1260241, at *15-*16

(M.D.N.C. Mar. 31, 2011) (granting defendant's motion to compel EEOC to provide medical records for employees allegedly similarly situated to plaintiff who claimed emotional distress damages, as well as signed authorizations for release of same, which "the EEOC refuse[d] to disclose based on an unreasonably cramped view of relevance at the discovery stage"); *Jimoh*, 2009 WL 4062881, at *2 (emphasis added) ("Plaintiff *must* fully respond to [defendant's] discovery requests and *must* execute medical release forms authorizing [defendant] to obtain the requested medical records[.]"); *Sheffield*, 2007 WL 1726560, at *6 ("[F]ederal courts have held that obtaining a party's written consent for the release of medical records represents the least expensive and most efficient means of procuring information from medical or counseling providers.") (internal quotation marks and citation omitted).

Finally, but importantly, more than six months ago, Plaintiff-Intervenor Jane Doe executed the same authorizations Walmart has asked Ms. Brewer and Ms. Hardiman to sign. Brown Decl. ¶¶ 7, 11. In fact, Plaintiff-Intervenor signed such an authorization (among others) directed at *one of the very same providers at issue here*: Seneca Health, which treated Ms. Hardiman. When Walmart served the subpoena on Seneca Health, it *refused to comply*, stating that it was prohibited from providing records or even acknowledging whether it had provided treatment to Plaintiff-Intervenor unless Walmart furnished a specific form of authorization different from the standard HIPAA-complaint authorization Walmart initially obtained from Plaintiff-Intervenor. Brown Decl. ¶ 11. Only after Walmart obtained that second authorization from Plaintiff-Intervenor was it finally able to obtain the necessary discovery from Seneca Health. Brown Decl. ¶ 12.

Accordingly, to the extent the EEOC intends to argue that a subpoena under Rule 45 is a sufficient mechanism for Walmart to obtain these records, and that an authorization somehow is

not necessary, any such assertion is wrong and belied by Walmart's recent experience in this same matter with one of the same providers that treated Ms. Hardiman. The Court should not accept such an excuse from the EEOC for its persistent, obstinate failure to comply with its discovery obligations.

For these reasons, none of the EEOC's objections to Requests No. 46 and 49 are valid. There is no justification for the EEOC's refusal to provide Walmart with the requested documents, in unredacted form, and authorizations.

## **CONCLUSION**

Ms. Brewer and Ms. Hardiman are claimants in this matter who have put their respective medical conditions directly at issue and are required to authorize Walmart to obtain complete, unredacted records regarding their treatment for any such condition(s). The EEOC's stated position—that such records are discoverable only to the extent that they relate to treatment a claimant received for a particular condition he or she claims was caused by the defendant's alleged conduct—is contrary to applicable law. Therefore, Walmart respectfully requests that the Court grant this motion and issue an order requiring the EEOC to provide Walmart with full and complete responses to Requests 46 and 49, including producing unredacted versions of Ms. Brewer's medical records, producing any medical records for Ms. Hardiman, and providing executed authorizations for the release of Ms. Brewer's and Ms. Hardiman's medical records in the form of Exhibit C to Walmart's Third Set of Interrogatories.

Dated: February 7, 2025

Respectfully submitted,

/s/ Eric W. Iskra
Eric W. Iskra (WV State Bar No. 6611)
**SPILMAN THOMAS & BATTLE, PLLC**
300 Kanawha Boulevard, East
Post Office Box 273
Charleston, WV 25321-0273
(304) 340-3875
eiskra@spilmanlaw.com

Aaron T. Winn
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101
619-744-2200
atwinn@duanemorris.com

Natalie F. Bare
Adam D. Brown
Harrison H. Weimer
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1962
nfbare@duanemorris.com
adbrown@duanemorris.com
hhweimer@duanemorris.com

## CERTIFICATION OF RULE 37(a)(1) CONFERENCE

Pursuant to Rule 37(a)(1), I certify that I conferred in good faith with Megan Block, counsel for the U.S. Equal Employment Opportunity Commission, in an effort to resolve, without the Court's intervention, the discovery dispute that this Motion to Compel seeks to address, and that the parties were able to resolve some, but not all, aspects of this discovery dispute.

/s/ Adam D. Brown
Adam D. Brown
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1962
adbrown@duanemorris.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

and

JANE DOE,                          Civil Action NO. 5:23-cv-00623

      Plaintiff-Intervenor

v.

WAL-MART STORES EAST, LP and
JAMES BOWYER,

      Defendants.

## CERTIFICATE OF SERVICE

    I, Eric W. Iskra, hereby certify that on February 7, 2025, I electronically filed the foregoing "Memorandum in Support of Walmart's Motion to Compel Discovery from EEOC" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**Ronald L. Phillips**
**U.S. Equal Employment Opportunity Commission**
George H. Fallon Federal Building, Suite 1432
31 Hopkins Plaza
Baltimore, MD 21201
Tel: 410-801-6742
Fax: 443-992-7880
ronaldphillips@eepoc.gov

**Jason S. Bailey**
**United States Attorney's Office**
300 Virginia Street East, Suite 4000
Charleston, WV 25301
Tel: 304-340-2338
Fax: 304/347-5104
jason.bailey2@usdoj.gov

**Megan M. Block**
**U.S. Equal Employment Opportunity Commission**
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Tel: 412-588-6934
Fax: 412-395-5749
megan.block@eeoc.gov
*Attorneys for Plaintiff EEOC*

**Jeffrey S. Rodgers**
916 W. Washington Street, Suite 1
Lewisburg, WV 24901-0186
Tel: 304-647-4550
Fax: 304-647-5587
RodgersLawFirm@yahoo.com

**W. Mark Burnette**
P. O. Box 2913
Ocala, FL 34478
Tel: 352-512-9807
Fax: 352-512-9814
mark@burnettelegal.com
*Attorneys for Plaintiff-Intervenor (A.G.)*

**Sandra Henson Kinney**
**LEWIS GIANOLA**
P. O. Box 1746
Charleston, WV 25326
Tel: 304-345-2000
Fax: 304-343-7999
skinney@lewisgianola.com

**Hannah K. W. Petros**
**LEWIS GIANOLA**
300 Summers St., Suite 700
Charleston, WV 25301
Tel: 304-345-2000
Fax: 304-343-7999
*Attorneys for Defendant Bowyer*

*/s/ Eric W. Iskra*
Eric W. Iskra (WV State Bar No. 6611)

*Attorney for Walmart*