**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| JANE DOE, | ) ) | |
| Plaintiff-Intervenor, | ) ) | Civil Action No. 5:23-cv-00623 |
| v. | ) ) | Judge Frank W. Volk |
| WAL-MART STORES EAST, LP and JAMES BOWYER, | ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against Wal-Mart Stores East, LP ("Walmart") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). In its Complaint, EEOC pleaded claims that Walmart: (1) subjected Charging Party Doe to a hostile work environment because of sex (female); (2) subjected Doe to discharge in retaliation for engaging in protected activity and because of sex (female); and (3) subjected a class of aggrieved current and former female employees to a hostile work environment because of sex (female). Pursuant to rights conferred by Section 706(f)(1) of Title VII, on October 2, 2023, Doe ("Plaintiff-Intervenor") intervened in the litigation concerning the Title VII claims that EEOC pleaded regarding her employment. On September 11, 2024, Plaintiff-Intervenor Doe filed an Amended Complaint. Defendant Walmart denies liability as to all counts in EEOC's Complaint and Plaintiff-Intervenor's Amended Complaint.

1

As a result of settlement discussions, EEOC, Plaintiff-Intervenor Doe, and Walmart ("the Parties") desire to resolve this action and Doe's underlying charge of discrimination (Charge No. 533-2023-00737) without the time and expenditure of contested litigation. Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree"). This Decree, once approved and entered by the Court, shall fully and finally resolve all claims asserted against Walmart in EEOC's Complaint and all claims asserted against Walmart in Plaintiff-Intervenor Doe's Amended Complaint filed in this action.

## STIPULATIONS

A.      The Parties acknowledge the jurisdiction of the United States District Court for the Southern District of West Virginia over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.      Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.      The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the subject matter and the Parties in this action.

B.      The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.      The Decree conforms to the Federal Rules of Civil Procedure and Title VII, and it is not in derogation of the rights or privileges of any person. The entry of this Decree will further the interests of Title VII and will be in the best interest of the Parties, those for whom EEOC seeks

2

relief, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**<u>DEFINITIONS</u>**

A.      As used in this Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Walmart's established procedures (so long as knowledge of the complaint may be imputed to Walmart), made by any means of communication, regarding potential discrimination or harassment committed by any employee, officer, director, or customer of Walmart.

B.      The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.      The term "employee" shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer." The term "employee" shall specifically include all full-time and part-time employees of Walmart.

D.      The term "Effective Date" shall be the date that the Court approves and enters this Decree as an order of the Court.

E.      The term "Responsible Official" shall mean any person holding the position of Market People Partner, People Operations Lead, People Lead, Human Resources Manager, or other comparable position with the primary responsibility of managing human resources for Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499, and any official within Walmart Ethics, Workplace Investigations, and/or Global Investigations exercising duties related to employee complaints of sex discrimination, sexual harassment, or related retaliation concerning Walmart's store located in Lewisburg, WV that presently bears the

designation Store #1499.

F.      As used in this Decree, the term "retaliation" means retaliation against an individual for reporting in good faith sex discrimination or sexual harassment, cooperating in a sex discrimination or sexual harassment investigation, opposing sex discrimination or sexual harassment, or filing or assisting another person in filing a complaint of sex discrimination or sexual harassment with a government agency or court.

## EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

1.      This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be two (2) years immediately following the entry of the Decree. However, notwithstanding the foregoing, Paragraph 6 of this Decree shall continue in full force and effect after the expiration date and will remain binding on Walmart indefinitely.

2.      Paragraph 6 of this Decree shall apply to all Walmart facilities and business operations. The remaining provisions of this Decree shall apply only to Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499 and any Responsible Official (as defined at Definition E above) exercising duties regarding Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499.

3.      For the duration of this Decree, and indefinitely thereafter regarding the requirements set forth in Paragraph 6, the Court shall retain jurisdiction over the action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.  Should the Court determine that any party has not complied with this Consent Decree, appropriate relief, including but not limited to extension of the Consent Decree for such period as may be necessary to remedy its non-

compliance, may be ordered. This Consent Decree is the result of negotiation and compromise among the parties of disputed claims and shall not be construed as evidence of any violations by Walmart of any federal statute, regulation, or common law obligation.

## INJUNCTION

4.     Walmart, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Walmart are hereby enjoined from engaging in any employment practice that discriminates against any employee because of sex by: (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; (b) conditioning any aspect of the employment relationship on any employee's acceptance of, or acquiescence to, unwelcome conduct because of sex; and/or (c) taking any adverse employment action, or subjecting any employee to an adverse alteration of the terms or conditions of employment, because of sex.

5.     Walmart, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with Walmart are hereby enjoined from engaging in any form of retaliation against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII's prohibition against sex discrimination or sexual harassment; (b) filed a charge of sex discrimination or sexual harassment under Title VII; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII related to sex discrimination or sexual harassment; (d) requested or received relief under this Decree; and/or (e) asserted any rights under this Decree.

## SPECIFIC RESTRICTIONS CONCERNING JAMES BOWYER

6.     The Parties acknowledge that Walmart has previously discharged the former Store Manager of Walmart's store located in Lewisburg, WV that presently bears the designation Store

5

#1499 and that he is not currently employed by Walmart. James Bowyer was identified by Walmart during his employment as WIN 102341771. Walmart shall not rehire or otherwise employ James Bowyer (WIN 102341771) in any position, including but not limited to any supervisory position within the meaning of *Vance v. Ball State University*, 570 U.S. 421 (2013), and any other controlling precedent. Notwithstanding the duration of this Decree, this provision shall not expire and shall remain in effect indefinitely.

### MONETARY RELIEF: PLAINTIFF-INTERVENOR

7.     Within thirty (30) days of the Effective Date, Walmart shall pay Plaintiff-Intervenor Doe total monetary relief in the amount of Three Hundred Fifteen Thousand and One Hundred Twelve Dollars ($315,112). Thirteen Thousand One Hundred Sixty-Six Dollars ($13,166) of that total, less all legally required payroll tax withholdings, shall constitute back pay, Nineteen Hundred Forty-Six Dollars ($1,946) of that total shall constitute pre-settlement interest, and the remaining Three Hundred Thousand Dollars ($300,000) of that total shall constitute compensatory damages for emotional distress. Walmart shall pay this total monetary relief to Plaintiff-Intervenor Doe via two (2) checks, according to the following requirements:

(a)     Walmart shall issue one check to Plaintiff-Intervenor Doe containing the portion of the total monetary relief designated as back pay. Walmart shall make all legally required federal, state, and local payroll tax withholdings from the amounts set forth in Paragraph 7, above, that are designated as back pay. Walmart shall be responsible for paying its own share of all payroll tax liability required by law, including but not necessarily limited to employer contributions under FICA. This check shall be accompanied by a written description setting forth the type and amount of payroll tax withholdings made.

(b)      Walmart shall issue a second check to Plaintiff-Intervenor Doe containing the portion of the total monetary relief designated as pre-settlement interest and compensatory damages, which shall be paid to Doe in full without any payroll tax withholdings or deductions.

(c)      Walmart shall make the two checks required by this Paragraph payable to Plaintiff-Intervenor Doe's legal name, which is known to the Parties. Walmart shall deliver the two checks to Plaintiff-Intervenor Doe through her counsel of record in this action.

(d)      In the event that Walmart is unable to complete delivery of the checks to Plaintiff-Intervenor Doe, it shall promptly contact Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office to obtain a current address for Plaintiff-Intervenor Doe or to otherwise make alternative arrangements for payment. Walmart shall exercise reasonable diligence when attempting payment delivery or, upon failure of delivery, working with EEOC to make alternative arrangements for payment delivery.

(e)      At the time that Walmart issues IRS Form W-2's to its employees, Walmart shall issue and deliver to Plaintiff-Intervenor Doe an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting pre-settlement interest and compensatory damages.

(f)      Within ten (10) days from the date that Walmart makes the payments required above to Plaintiff-Intervenor Doe, Walmart shall send copies of the checks issued to her, a written description of payroll tax withholdings made from the amount designated as back pay, and proof of express mail delivery to EEOC Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

(g)      These payments are contingent on Plaintiff-Intervenor Doe completing,

executing, and returning the following documents:  IRS W-4 and W-9 Form, and Associate Information Sheet. If the completed forms are not received by Walmart until after the entry of this Consent Decree, payment will not be due until thirty (30) days after receipt of the documents by Walmart.

## NEUTRAL EMPLOYMENT REFERENCES

8.      Should Plaintiff-Intervenor Doe desire employment verification from Walmart, any prospective employer or other inquiring party to whom Plaintiff-Intervenor desires to give such reference may call the telephone number of Defendant's The Work Number for Everyone® (1-800-367-5690), which will verify Plaintiff-Intervenor Doe's dates of employment and positions held and, if authorized by Plaintiff-Intervenor Doe, last pay rate. Walmart shall not provide any other information concerning Doe or her employment. If a prospective employer requires a Walmart employee as a contact for a reference, Plaintiff-Intervenor Doe may direct that prospective employer to Regional People Director Emma Komlanc, who will refer the prospective employer to The Work Number for Everyone® without providing any information regarding Plaintiff-Intervenor Doe.

## MONETARY RELIEF: JESSICA BREWER

9.      Within thirty (30) days of the Effective Date, Walmart shall pay Jessica Brewer total monetary relief in the amount of One Hundred Thousand Dollars ($100,000), which shall constitute compensatory damages for emotional distress. Walmart shall pay this total monetary relief to Jessica Brewer via a single check, according to the following requirements:

(a)      Walmart shall issue one check to Jessica Brewer containing the full amount of compensatory damages, which shall be paid to Jessica Brewer without any payroll tax withholdings or deductions.

(b)     Walmart shall make the check required by this Paragraph payable to Jessica Brewer. Walmart shall deliver the check to Jessica Brewer at an address provided by EEOC counsel of record.

(c)     At the time that Walmart issues IRS Form W-9's to its employees, Walmart shall issue and deliver to Jessica Brewer an IRS Form 1099-MISC for the monetary relief amount paid pursuant to this Decree.

(d)     This payment is contingent on Jessica Brewer completing, executing, and returning (through EEOC counsel of record) the following documents: IRS W-4 and W-9 Form, a release in the form set forth at Exhibit B to this Decree, and Associate Information Sheet. If the completed forms are not received by Walmart until after the entry of this Consent Decree, payment will not be due until thirty (30) days after receipt of the documents by Walmart.

## <u>TITLE VII NOTICE</u>

10.     Within thirty (30) days of the entry of this Consent Decree, and continuing throughout the duration of this Consent Decree, Walmart shall post the attached Employee Notice, marked as Exhibit A, and hereby made a part of this Consent Decree, either (a) on its OneWalmart intranet where it will be accessible to all associates at the Facility, or (b) in a conspicuous place upon the premises at Walmart Supercenter No. 1499 in Lewisburg, West Virginia where notices to employees are customarily posted.

11.     The Notice shall be posted for the duration of this Decree. Walmart shall ensure that the Notice required under this Paragraph remains posted, and that it is not altered, defaced, or covered by any other material for the duration of the Decree.

12.     Within forty-five (45) days of the Effective Date, Walmart shall transmit to EEOC

a written certification that it has complied with the requirements of Paragraphs 10-11.

## **DEVELOPMENT OF TITLE VII POLICIES AND PROCEDURES**

13.     Within thirty (30) days of the Effective Date, and to the extent that its current policies and procedures do not already contain such provisions, Walmart shall supplement its policies and procedures to provide the following as to investigations regarding sexual harassment, sex discrimination, and retaliation (as that term is defined at Definition F, above) at Walmart's Lewisburg, West Virginia store:

(a)     Investigations of complaints or reports of sexual harassment, sex discrimination, and retaliation at Walmart's Lewisburg, West Virginia store, including but not limited to performing investigative interviews or making decisions concerning any actions to be taken in response to such complaints or reports, shall be conducted only by personnel who have received the training described in Paragraph 15 below ("Approved Investigators").

(b)     Walmart shall exercise reasonable diligence under the circumstances to ensure that any Approved Investigator conducting investigations concerning sexual harassment, sex discrimination, and/or retaliation at Walmart's Lewisburg, West Virginia store, including but not limited to performing investigative interviews or making decisions concerning any actions to be taken in response to such complaints or reports: (i) does not have a familial or other significant personal relationship (e.g., romantic/sexual relationship, recent or non-sporadic social interaction outside of the workplace, existing financial relationship, or any other relationship that may cause a reasonable person to question the assigned person's impartiality) with any person who is the subject of the investigation or whose acts or omissions are otherwise at issue, or who made the complaint or report, was

a recipient of the complaint or report, or is known to be a potential witness to events that are relevant to the investigation; (ii) does not have a close family member with significant personal relationship to any person described in Paragraph 14(b)(i); (iii) is not supervised, either directly or indirectly, by any person described in Paragraph 14(b)(i); and (iv) does not have any personal knowledge of, or involvement with, the events at issue in the investigation.

(c)     Approved Investigators shall exercise reasonable diligence to identify relevant prior complaints or investigations concerning the employee who is the subject of the current complaint or investigation. Prior complaints or investigations that are relevant to allegations of sexual harassment, sex discrimination, or retaliation  shall include, but are not necessarily limited to: (a) past complaints or investigations concerning alleged or suspected sexual harassment, sex discrimination, or retaliation based on a complaint of sexual harassment or discrimination toward employees or job applicants; (b) past complaints or investigations concerning alleged or suspected sex-based favoritism toward employees or job applicants; and/or (c) past complaints or investigations concerning alleged or suspected sexual conduct in the workplace or consensual sexual relationship between a supervisory official and a direct or indirect subordinate employee.

(d)     Under the following circumstances, Approved Investigators shall exercise reasonably diligent efforts to conduct an impartial review of any termination, disciplinary action, or demotion proposed or taken on or after the Effective Date of this Consent Decree against any person who has made a complaint or report of sexual harassment, sex discrimination, or retaliation, or who has been named or identified as a witness in an investigation concerning sexual harassment, sex discrimination, or retaliation, to ensure

that the adverse employment action is not retaliatory:

      (i)     the person recommending or making the decision to take the adverse employment action, or who has made an allegation that is the basis for such adverse employment action, has been the subject of, or is directly supervised by a person who is the subject of, a complaint or report of sexual harassment, sex discrimination, or retaliation made by the employee against whom the adverse employment action has been proposed or taken; or

      (ii)    the person recommending or making the decision to take the adverse employment action, or who has made an allegation that is the basis for such adverse employment action, has been the subject of, or is directly supervised by a person who is the subject of, a complaint or report of sexual harassment, sex discrimination, or retaliation, and the employee against whom the adverse employment action has been proposed or taken was interviewed or identified as a witness in connection with such complaint or report; or

      (iii)   any other adverse employment action, regardless of the identity of the person recommending or making the decision, that is proposed or taken against an employee who has made a complaint or report of sexual harassment, sex discrimination, or retaliation, or an employee who has been interviewed or identified as a witness in connection with such a complaint or report, when the circumstances known to any Approved Investigator assigned to investigate the complaint/report acting for (or any other Responsible Official of) Walmart would cause a reasonable person to suspect that the adverse employment action may be motivated by a desire to retaliate against the employee.

14.    Within ten (10) days of implementing any supplemental policies and procedures required by Paragraph 13, Walmart shall provide a copy of the supplemental policies and procedures to EEOC.

## SEXUAL HARASSMENT TRAINING

15.    For the duration of this Decree, Walmart shall ensure that: (1) any person conducting an investigation of, or making decisions concerning remedial action to be taken in response to, employee complaints of sexual harassment regarding Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499, and (2) all Responsible Officials (as that term is defined at Definition E, above) shall have received no less than three (3) hours of mandatory training on proficient, lawful methods and techniques for conducting sexual harassment investigations and responding to employee complaints of sexual harassment, sex discrimination and retaliation (as that term is defined at Definition F above) that accurately conveys Title VII requirements and proficient, lawful methods and techniques for conducting investigations and responding to employee complaints of sex discrimination and sexual harassment. At a minimum, the training shall have included a discussion of the following topics:

(a)    an overview of the law regarding sexual harassment and retaliation, as defined above, and employer duties related to the same;

(b)    Walmart's requirement under its Policies that all managers and supervisors have a duty under Walmart's policies to promptly report any and all complaints or observations of alleged sex discrimination or sexual harassment to any owner, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

(c)    an instruction that information regarding past complaints, allegations, or

investigations of sex discrimination or sexual harassment of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

(d)    that Walmart's personnel conducting investigations into allegations of sex discrimination and sexual harassment are required to research whether such past complaints or investigations exist by reviewing all records available to them;

(e)    that Walmart's current employees who are not the complainant, reporting official, or person accused, as well as former employees, may also be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

(f)    techniques for conducting witness interviews and assessing witness credibility, particularly but not exclusively for situations in which there is conflicted testimony or an absence of corroboration;

(g)    the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of sex discrimination or sexual harassment are substantiated or well-founded;

(h)    the need to ensure that, in response to employee complaints of sex discrimination and sexual harassment, Walmart undertakes corrective action reasonably calculated to end any discriminatory or harassing conduct related to sex and to prevent its reoccurrence;

(i)    the duties required under Walmart's policies and procedures as stated in Paragraph 13(d);

(j)    the need to notify any alleged victims that they should contact a Responsible Official or Walmart Ethics if they believe that they are being subjected to any further

incidents of sexual harassment, sex discrimination, or retaliation not previously reported to Walmart.

(k)    the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers; and

(l)    Walmart's record retention obligations under this Decree relating to any sex discrimination and sexual harassment complaints or investigations.

16.    For the duration of this Decree, to the extent that any Responsible Official has not received the training required by Paragraph 15, Walmart shall provide such training to that person before he/she/they perform any investigative or decision-making duties concerning an employee complaint of sexual harassment, sex discrimination and retaliation (as that term is defined at Definition F, above). The training shall be conducted live (whether in-person or remote) and involve an interactive component.

17.    Walmart shall maintain attendance logs for all persons who attend the training governed by Paragraph 15 and retain such attendance logs for the duration of the Decree.

18.    Within ten (10) days from the date that Walmart conducts the first training required by Paragraph 15, Walmart shall send to EEOC a copy of the final training materials for each training, a list of all persons (by name and job title) who attended the training, and a list of persons to whom Walmart is required by this Decree to present such training but who did not receive it.

**RECORD KEEPING AND REPORTING REQUIREMENTS**

19.    For the duration of this Decree, Walmart shall retain all documents related to (a) the policies and procedures set forth in Paragraph 13, including any revisions to the policies and procedures and their implementation; (b) the training materials and attendance logs described in Paragraphs 17 and 18; (c) any complaints of sexual harassment and/or retaliation (as that term is

15

defined at Definition F, above) that Walmart receives from its employees within Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499; and (d) any investigations and corrective action that Walmart undertakes in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, text messages, emails, photographs, video recordings, policies, PowerPoints, training materials, memoranda, written statement, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions. Copies of all such documents shall be produced to EEOC within thirty (30) days of any written request for their production by EEOC.

20.     For the duration of this Decree, Walmart shall report to EEOC all complaints alleging sexual harassment and/or retaliation (as that term is defined at Definition F, above) that it receives from employees within Walmart's store located in Lewisburg, WV that presently bears the designation Store #1499; and Walmart's response(s) to such complaints.

21.     The reports required by Paragraph 20 shall include the following information: (a) the date of the complaint; (b) a detailed description of the complaint allegations; (c) the full name, job title, last known residence address, and last known personal phone number(s) of any employee who made the complaint; (d) the full name and job title of all person(s) against whom the complaint was made; (e) the full names and job titles of all Walmart personnel who conducted or participated in the investigation of such complaint; (f) the full name(s), job title(s), last known residence address(es), and last known personal phone number(s) of all persons interviewed in connection with the investigation; (g) written statements provided by any persons interviewed in connection with the investigation; and (h) a description of any investigation findings and/or corrective actions that Walmart undertook in response to each complaint.

22.     The reports required by Paragraphs 20-21 shall be transmitted to EEOC each six (6) months for the duration of the Decree, with the first such report due six (6) months after the Effective Date. In the event that there are no complaints within the meaning of Paragraph 20 during a six (6) month reporting period, Walmart's report shall state that fact affirmatively. All reports shall be transmitted to Senior Trial Attorney Megan Block at EEOC's Pittsburgh Area Office.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

23.     Upon Motion of EEOC, or upon Motion of Plaintiff-Intervenor Doe regarding Paragraphs 7 and 8, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, EEOC, or Plaintiff-Intervenor Doe regarding Paragraphs 7 and 8, shall notify Walmart in writing of any alleged noncompliance. Upon receipt of written notice, Walmart shall have thirty (30) days either to correct the alleged non-compliance, and so inform EEOC or Plaintiff-Intervenor Doe, or deny the alleged noncompliance in writing.

(a)     If the Parties cannot in good faith resolve their dispute, EEOC or Plaintiff-Intervenor Doe may file a Motion to seek review by the Court;

(b)     Each Party shall bear its own costs, expenses, and attorney fees incurred in connection with such action; and

(c)     Jurisdiction to resolve any dispute arising under the Decree resides in the United States District Court for the Southern District of West Virginia.

24.     Nothing in this Decree shall be construed to limit or impair in any manner any EEOC authority to conduct investigations of Walmart that are provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII; the Equal Pay Act ("EPA"); the Age Discrimination in Employment Act ("ADEA"); Titles I or V of the Americans with Disabilities Act, as amended ("ADA"); the Genetic Information Nondiscrimination Act of

17

2008; the Pregnant Workers Fairness Act; and any other statute over which the EEOC is given jurisdiction in the future; and conducting directed investigations under the EPA, ADEA, and any future statute that authorizes direct investigations. Likewise, nothing in this Decree shall be construed to limit or impact in any manner Walmart's right or ability to respond to or otherwise defend itself with respect to any such investigation by EEOC.

## COURT COSTS AND ATTORNEY FEES

25.     The Parties shall bear their own costs, expenses, and attorney fees in this action.

## EEOC'S REPORTING REQUIREMENTS
## UNDER IRC SECTIONS 162(F) AND 6050X

26.     Walmart acknowledges and agrees to the following:

(a)     The Commission may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required by law to do so, Walmart will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Walmart's EIN is: 71-0862119. The individual to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue one, is: Natalie F. Bare, Duane Morris LLP, 30 S. 17th St., Philadelphia, PA 19103;

(b)     The Commission has not made any representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code;

(c)     The Commission's provision to Walmart of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d)     Any decision about a deduction pursuant to the Internal Revenue Code will

18

be made solely by the IRS with no input from the Commission; and

(e)    Walmart is not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

27.    This Decree constitutes the entire agreement and commitments of the EEOC and Walmart on matters raised herein and is not subject to modification except upon order of this Court. In the event that the EEOC and Walmart propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

28.    If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

29.    When this Decree requires Walmart to submit reports, certifications, notices, or other materials to EEOC, they shall be sent via email or U.S. mail to:

Megan M. Block
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
megan.block@eeoc.gov

30.    The undersigned counsel for Walmart and EEOC hereby certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the parties that each represents to this document.

31.    This Decree may be executed in counterparts.

19

**IT IS AGREED:**

FOR THE U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

ANDREW B. ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

*Debra M. Lawrence*
by R. Phillips per written authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: March 13, 2025

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
OH Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6714
Fax: (443) 992-7880
Email: ronald.phillips@eeoc.gov

Dated: March 13, 2025

MEGAN M. BLOCK
SENIOR TRIAL ATTORNEY
PA Bar No. 319263
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6934
Fax: (412) 395-5749
Email: megan.block@eeoc.gov

Dated: March 13, 2025

FOR WAL-MART STORES EAST, LP

AARON WINN
CA Bar No. 229763
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101
ATWinn@duanemorris.com
Phone: (619) 744-2222
Fax: 619-744-2201
atwinn@duanemorris.com

NATALIE F. BARE
PA Bar No. 307255
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Phone: 215-979-1962
Fax: 215-405-3710
nfbare@duanemorris.com

Dated: March 13, 2025

*Attorneys for Wal-Mart Stores East,
LP*

**IT IS SO ORDERED:**

Date: March 18, 2025



Frank W. Volk
Chief United States District Judge

# EXHIBIT A



## <u>LEGAL NOTICE TO EMPLOYEES REQUIRED BY FEDERAL COURT ORDER</u>

This Notice is being posted pursuant to a federal court order in the matter of *U.S. EEOC, et al. v. Wal-Mart Stores East, LP, et al.*, No. 5:23-cv-00623 (U.S. District Court – Southern District of West Virginia), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government. In its lawsuit, EEOC asserted claims that Walmart subjected a class of female current and former employees at the Lewisburg Supercenter to sexual harassment, through the actions of James Bowyer (identified by Walmart as WIN 102341771), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII is a federal law that prohibits sexual harassment of employees.  The case was settled voluntarily by the EEOC and Walmart before any court findings were made about EEOC's claims.

To resolve the lawsuit, Walmart and EEOC have voluntarily entered into an agreed federal court order, called a "consent decree," which provides, among other things, the following:

1)  Walmart will not rehire James Bowyer (identified by Walmart as WIN 102341771) for any position in the future.
2)  Walmart is prohibited from discriminating against any employee because of sex, including engaging in or permitting sexual harassment.
3)  Walmart is prohibited from retaliating against any person because they opposed any practice made unlawful or reasonably believed to be unlawful under Title VII's prohibition against sex discrimination, including but not limited to reporting sexual harassment; filing a charge of sex discrimination under Title VII; and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII related to sex discrimination or sexual harassment.
4)  Walmart will submit reports to the EEOC concerning its commitment to protecting its employees at the Lewisburg Supercenter from sexual harassment and retaliation related to sexual harassment, including the steps taken to promote a harassment-free working environment.

The EEOC enforces federal laws that prohibit harassment and other discrimination in employment on the basis of sex (including sexual orientation and gender identity), pregnancy/childbirth/related medical conditions, race, color, national origin, religion, disability, age, genetic information, or retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been harassed or discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to report the conduct to Walmart. You also have a right under federal law to contact the EEOC and report that conduct.  EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov.  The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Consent Decree is not an admission by Walmart of any fault, liability, or wrongdoing, which Walmart expressly denies. This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

_____        _____
Date                           [Walmart official]

# EXHIBIT B

## Title VII Claims Release and Waiver

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission, et al. v. Wal-Mart Stores East, LP, et al*, No. 5:23-cv-00623 (S.D.W. Va.), and in consideration of payment in the gross amount of One Hundred Thousand Dollars ($100,000), which shall constitute compensatory damages for emotional distress, I, Jessica Brewer, hereby agree to release Wal-Mart Stores East, LP (and its corporate parents, affiliates, and subsidiaries) ("Released Party") from any claims that I may have under Title VII of the Civil Rights Act of 1964, as amended, that are set forth in the EEOC's Complaint in the above-styled and numbered action.  I further agree and covenant that I will not institute any civil action against the Released Party regarding the aforementioned claims. I understand that the Consent Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in above-styled and numbered action.

_____
Signature

_____
Date